Claudio Lorenzo PEREZ, Plaintiff,

v.

CARNIVAL CRUISE LINES,
et al., Defendants.

No. Civ. 97–2120(HL).

United States District Court,
D. Puerto Rico.

Feb. 13, 1998.

Roberto Rafols–Davila, Aguadilla, PR, for Claudia Lorenzo–Perez, plaintiff.

Jose R. Rivera–Morales, Jimenez, Graffam & Lausell, San Juan, PR, for Carnival Cruise Lines, defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is Defendant Carnival Cruise Lines' ("Carnival") unopposed motion to dismiss. Plaintiff Claudio Lorenzo Pérez ("Lorenzo") is a Puerto Rico resident. Carnival is a Panamanian corporation with its principal place of business in Florida. In addition to Carnival, Plaintiff has included a number of unidentified individuals and insurance companies as defendants. Plaintiff claims that in July 1996 she slipped and fell in a cruise liner operated by Carnival. She invokes this Court's jurisdiction based on diversity of the parties.[1] Although she does not specify in her complaint on what statute she is basing her claim for relief, the Court shall treat it as one for damages under Article 1802 of the Puerto Rico Civil Code.[2]

Carnival bases its motion to dismiss on language which it includes on all its passenger tickets. In support of its motion, it has submitted the sworn statement of Eleanor Navarro, a claims representative for Carnival.[3] In her sworn statement Navarro states that Lorenzo's ticket was sent to her on the day her cruise was to begin and that the

---

1. 28 U.S.C.A. § 1332 (West 1993 & Supp.1997).

2. P.R.Laws Ann. tit. 31, § 5141 (1991).

3. Docket no. 6, exhibit 1.

ticket contained the following language on its cover page:

THE GUEST TICKET CONTRACT IN THIS BOOKLET CONTAINS CONDITIONS ON NUMBERED PAGES 1 THROUGH 7 IN THE REAR PORTION OF THIS BOOKLET. YOUR ATTENTION IS DIRECTED TO THESE CONDITIONS, CERTAIN OF WHICH CONTAIN IMPORTANT LIMITATIONS ON RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST THE CRUISE LINE, VESSEL OR THEIR AGENTS OR EMPLOYEES. PLEASE READ THE CONTRACT AND THESE TERMS AND RETAIN THE CONTRACT FOR FUTURE REFERENCE.

Page 1 of the guest ticket contains the following language:

*IMPORTANT NOTICE TO GUESTS*

THIS DOCUMENT IS A LEGALLY BINDING CONTRACT ISSUED BY CARRIER TO, AND ACCEPTED BY, GUEST SUBJECT TO THE IMPORTANT TERMS AND CONDITIONS APPEARING ON THE FOLLOWING SIX PAGES. THE PROVISIONS ON THE FOLLOWING PAGES OF THIS CONTRACT ARE INCORPORATED AS THOUGH FULLY REWRITTEN ON THE FACE OF THIS CONTRACT.

Pages 2 through 7 of the guest ticket include a section entitled "Important Terms and Conditions of Contract—Read Carefully." Part 3(a) of this section reads as follows:

The acceptance of this ticket by the person or persons named hereon as guests shall be deemed to be an acceptance and agreement by each of them of all of the terms and conditions of this Passage Contract Ticket.

Part 8 reads as follows:

It is agreed by and between the guest and the Carrier that all disputes and matters whatsoever arising under, in connection with or incident to this Contract shall be litigated, if at all, in and before a Court located in the State of Florida, U.S.A. to the exclusion of the Courts of any other state or country.

Carnival argues that the above-quoted language from the guest ticket is a forum-selection clause which is binding on Lorenzo and that therefore she is precluded from bringing a claim in this Court. Lorenzo has not opposed this motion. For the reasons set forth below, the Court grants Carnival's motion.

## DISCUSSION

As an initial matter, the Court must determine what law to apply in ruling on the forum selection clause in the guest ticket. A federal court sitting in diversity must determine whether federal or state law controls on this issue. *See Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Stereo Gema, Inc. v. Magnadyne Corp.,* 941 F.Supp. 271, 273 (D.P.R.1996). A full analysis under the *Erie* doctrine is not necessary, however, when federal and state law coincide on the matter in question. *Lambert v. Kysar,* 983 F.2d 1110, 1116–17 (1st Cir.1993). Here, federal and state law on forum selection clauses coincide. Federal courts enforce them as a matter of federal common law. *See M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 8–18, 92 S.Ct. 1907 1912–17, 32 L.Ed.2d 513 (1972); *Lambert,* 983 F.2d at 1116. The Puerto Rico Supreme Court has adopted the federal jurisprudence on this topic. *See Unisys Puerto Rico, Inc. v. Ramallo Brothers Printing, Inc.,* 128 P.R.Dec. 842, 855–57 (1991); *Banco Popular de Puerto Rico v. Airborne Group PLC,* 882 F.Supp. 1212, 1215 (D.P.R.1995). Florida courts have adopted a similar position favoring these clauses. *See Manrique v. Fabbri,* 493 So.2d 437, 439–40 (Fla.1986). Because the Florida, Puerto Rico, and federal fora all coincide on this issue, it is unnecessary to decide which jurisdiction's law should be applied. *See Lambert,* 983 F.2d at 1116–17.

A contract's forum selection clause is prima facie valid, and a court should enforce it unless the opposing party can show that enforcement would be unreasonable under the circumstances. *Bremen,* 407 U.S. at 10, 92 S.Ct. at 1913; *Lambert,* 983 F.2d at 1116; *D'Antuono v. CCH Computax Systems, Inc.,* 570 F.Supp. 708, 711 (D.R.I.1983) (Selya, J.). The party opposing the clause's

enforcement has a heavy burden to demonstrate why it should not be enforced. *Bremen*, 407 U.S. at 17, 92 S.Ct. at 1917; *Grissom v. Colotti*, 644 F.Supp. 903, 905 (D.P.R. 1986); *D'Antuono*, 570 F.Supp. at 711. The party seeking to avoid the clause must show that its enforcement would be unreasonable and unjust or that the clause had been obtained through fraud or overreaching. *Bremen*, 407 U.S. at 15, 92 S.Ct. at 1916; *Lambert*, 983 F.2d at 1119; *Stereo Gema*, 941 F.Supp. at 276; *Bristol Babcock, Inc. v. Puerto Rico Elec. Power Auth.*, 930 F.Supp. 710, 711 (D.P.R.1996).

■ Additionally, the forum selection clause contained in the terms and conditions of a ticket for a cruise ship is enforceable. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590–97, 111 S.Ct. 1522, 1526–29, 113 L.Ed.2d 622 (1991). Such a clause clarifies for the parties where the suit must be brought, thereby sparing litigants and the courts time and expense to determine the proper forum for the suit. *Id.* at 593–94, 111 S.Ct. at 1527. A court must, however, scrutinize such clauses to ensure that they are fundamentally fair. *Id.* at 595, 111 S.Ct. at 1528.

■ In the case before the Court, Lorenzo has a heavy burden to demonstrate that the forum-selection clause in Carnival's guest ticket should not be enforced because its enforcement would be unjust or unreasonable or because the clause was obtained via fraud or overreaching. Because Lorenzo has failed to oppose Carnival's motion she has, of course, failed to meet her burden. Moreover, the substantial legal precedent favoring such clauses, makes it unlikely that she would have been able to demonstrate that the clause should not be enforced. This is especially true given the similarities in this case to *Shute*. In *Shute*, the plaintiff slipped

and fell on a deck mat on a Carnival ship while it was in international waters off the Mexican coast. 499 U.S. at 588, 111 S.Ct. at 1524. She brought suit in the federal court in Washington. Her guest ticket contained language that was, with immaterial exceptions, identical to the language of Lorenzo's guest ticket.[4] The Supreme Court noted that tickets on cruise ships were form contracts that were not subject to negotiation. 499 U.S. at 593, 111 S.Ct. at 1527. The fact that it was nonnegotiable, however, did not mean that it was unenforceable. *Id.* A forum selection clause could be justified for a number of reasons: the cruise ship has an interest in limiting the fora in which it can be subject to suit; the clause clarifies for the parties and the courts where the suit should be brought; and the existence of this clause should result in lower fares for passengers. *Id.* at 593–94, 111 S.Ct. at 1527. Florida was not a remote alien forum and there was no reason why the federal court in Washington was more suited to hear Shute's claim than was a court in Florida. *Id.* at 594–95, 111 S.Ct. at 1527. Lastly, there was no indication in the record that Carnival obtained this clause via fraud or overreaching or due to bad faith. *Id.* at 595, 111 S.Ct. at 1527.

The Supreme Court's reasoning in *Shute* has resonance in the present controversy. Therefore, an extensive analysis is not necessary. The forum selection clause language in Mrs. Shute's guest ticket is identical to Lorenzo's ticket. The justifications for forum selection clauses in cruise ship tickets which the Supreme Court espoused in 1993 are equally applicable to the guest ticket which Lorenzo purchased from Carnival. The record in the present controversy is void of any indication of bad faith or overreaching by Carnival. Any claim by Lorenzo against Carnival must be brought in a court in Florida, not in Puerto Rico.

> It is agreed by and between the passenger and the Carrier that all disputes and matters whatsoever arising under, in connection with or incident to this Contract shall be litigated, if at all, in and before a Court located in the State of Florida, U.S.A., to the exclusion of the Courts of any other state or country.
>
> 499 U.S. at 587–88, 111 S.Ct. at 1524.

4. Section 3(a) of Mrs. Shute's ticket read as follows:
   > The acceptance of this ticket by the person or persons named hereon as passengers shall be deemed to be an acceptance and agreement by each of them of all of the terms and conditions of this Passage Contract Ticket.
   Section 8 of her ticket read as follows:

WHEREFORE, the Court hereby **grants** Carnival's motion to dismiss (docket no. 6). Judgment shall be entered accordingly.[5]

**IT IS SO ORDERED.**

---

5. In addition to Carnival, Lorenzo has included unidentified insurance companies and individuals as defendants. Although the conduct or involvement of these unidentified parties is unclear from her sparsely drafted complaint, it appears that she is suing Carnival's insurance companies and employees. Because these claims are derivative of her cause of action, they must be dismissed for the same reasons that the Court has dismissed her claim against Carnival.