THIRD DIVISION
May 21, 2008

No. 1-07-3538

JERRY WALKER,                                    )
                                                 )          Appeal from
                Plaintiff-Appellee,              )       the Circuit Court
                                                 )        of Cook County.
        v.                                       )
                                                 )
CARNIVAL CRUISE LINES, INC., a Corporation, )
CARNIVAL CRUISE LINES, a Corporation, and        )          No. 06 M1 304126
CARNIVAL CORPORATION, a Panama Corporation,      )
doing business in the United States,             )
                                                 )              Honorable
                                                 )            Moira Johnson,
                Defendants-Appellants.           )          Judge Presiding.


_____JUSTICE THEIS delivered the opinion of the court:

        Plaintiff Jerry Walker brought this action for personal injuries she sustained while she

was a passenger on one of defendant Carnival Cruise Lines' ships.  Defendant moved to dismiss

the complaint under section 2-619(a)(9) of the Code of Civil Procedure (the Code) (735 ILCS

5/2-619(a)(9) (West 2006)), because the cruise ticket plaintiff purchased contained a forum-

selection clause requiring that all disputes arising in connection with the cruise be litigated in a

court in Miami, Florida.  The circuit court ultimately found the forum-selection clause

unenforceable and certified two questions for review pursuant to Supreme Court Rule 308.  155

Ill. 2d R. 308.  Carnival now appeals, requesting review of the first certified question.  We

1-07-3538

answer the question in the affirmative, holding that plaintiff is bound by the forum-selection clause in the cruise ticket contract.

BACKGROUND

Plaintiff embarked on a seven day Western Caribbean cruise aboard defendant's ship the M/V Carnival Miracle. The cruise departed from the Port of Tampa, Florida, on October 30, 2005, and returned to the Port of Tampa on November 6, 2005. Carnival delivered the tickets for the cruise to plaintiff's travel agent by two-day express mail on September 23, 2005. Upon receipt, the travel agent immediately delivered the tickets to plaintiff's sister, the designated person in charge of making travel arrangements for plaintiff's cruise. Plaintiff received her cruise ticket booklet in a blue envelope from her sister a week prior to her departure. This cruise was plaintiff's seventh or eighth Carnival cruise since 1994. For all of her cruises, she received a cruise ticket booklet similar to the one she received for her trip in October 2005.

While the ship was in international waters, on November 3, 2005, plaintiff slipped and fell on a platform leading to a waterslide. A year later, on November 2, 2006, plaintiff filed this action for negligence against Carnival and its employees. In response, Carnival moved to dismiss the complaint pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2006)), arguing that the cruise ticket forum-selection clause required plaintiff to litigate her claim in Miami, Florida. The ticket booklet, attached to the motion to dismiss, contained the following admonitions, and the following appeared in capital letters on the face of the ticket booklet:

"**IMPORTANT NOTICE TO OUR GUESTS**: THE GUEST

TICKET CONTRACT IN THIS BOOKLET CONTAINS

1-07-3538

CONDITIONS ON NUMBERED PAGES 1 THROUGH 11 IN

THE REAR PORTION OF THIS BOOKLET.  YOUR

ATTENTION IS DIRECTED TO THESE CONDITIONS,

CERTAIN OF WHICH CONTAIN IMPORTANT LIMITATIONS

ON RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST

THE CRUISE LINE, VESSEL, OR THEIR AGENTS OR

EMPLOYEES.  PLEASE READ THE CONTRACT AND THESE

TERMS AND RETAIN THE CONTRACT FOR FUTURE

REFERENCE."

An additional notice appears on the third page of the ticket booklet under the title

"**IMPORTANT REMINDERS** " and states that "all guests must familiarize themselves with

the specific conditions and liabilities in the 'Terms and Conditions of Contract.' "

On the face of the cruise ticket contract, the following notice appears in all capital letters:

"<u>NOTICE</u>: THE ATTENTION OF GUEST[S] IS ESPECIALLY

DIRECTED TO CLAUSES 1 AND 13 THROUGH 17, WHICH

CONTAIN IMPORTANT LIMITATIONS ON THE RIGHTS OF

GUESTS TO ASSERT CLAIMS AGAINST CARNIVAL

CRUISE LINES, THE VESSEL, THEIR AGENTS AND

EMPLOYEES, AND OTHERS."

Paragraph 15 of the cruise ticket contract contains the forum-selection clause as follows:

"It is agreed by and between the Guest and Carnival that all

- 3 -

disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise *** shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country."

Additionally, prior to boarding the ship on October 30, 2005, plaintiff signed a "Guest Ticket Contract Acknowledgment" attached to the ticket contract which indicated in bold letters that she had received and had an opportunity to read all of the terms and conditions of the contract and understood and accepted all such terms and conditions.

The circuit court allowed limited discovery on the circumstances surrounding plaintiff's receipt of her cruise ticket booklet and issues related to the motion to dismiss. After briefing and oral argument, the trial court denied Carnival's motion to dismiss. The court found that the cruise ticket contract did not satisfy the first prong of the "reasonable communicativeness" test as reiterated in Mack v. Royal Caribbean Cruises, Ltd., 361 Ill. App. 3d 856, 838 N.E.2d 80 (2005), because the envelope of the cruise ticket package contained no notification of the forum-selection clause's existence and the language on the cover of the booklet was insufficient notice of the clause contained in paragraph 15 of the contract. Additionally, the court found that plaintiff's claimed damages were not so extensive as to justify the cost to litigate the cause in Miami,

1-07-3538

Florida, which would have a deterrent effect on plaintiff's ability to litigate her case against Carnival.

Subsequently, Carnival filed a motion to reconsider the circuit court's ruling. During the hearing, a discussion ensued regarding the appealability of the court's order. As the court acknowledged in its order, the court was "uncertain as to whether appeal should be sought pursuant to Supreme Court Rule 304, 306 or 308." After hearing oral argument, the trial court denied the motion to reconsider and granted leave to appeal under all three supreme court rules. The court then certified the following two questions for review under Supreme Court Rule 308 (155 Ill. 2d R. 308), finding that its order involved a substantial ground for difference of opinion and that an immediate appeal might materially advance the ultimate termination of the litigation:

1. "Whether the trial court erred in its application of law pertaining to its denial of Carnival's 735 ILCS 5/2-619(a)(9) motion to dismiss and subsequently filed motion to reconsider.

2. Whether the court orders denying Carnival's motions to dismiss and to reconsider are properly appealable subject to Illinois Supreme Court Rule 304, 306 or 308."

ANALYSIS

As a threshold matter, it is evident from the trial judge's order and remarks at the hearing on the motion to reconsider that there were several questions and concerns raised as to the appealability of this interlocutory order. Carnival has only appealed under Rule 308 and asks this court to consider only the first certified question. Plaintiff, in turn, maintains that the trial court's

ruling depended on factual findings and, therefore, is not an appeal over which we have jurisdiction under Rule 308.

Given the confusion, we address the relevant supreme court rules and the scope of our jurisdiction to hear this Rule 308 appeal. It is well established that the jurisdiction of appellate courts is limited to reviewing appeals from final judgments, subject to statutory or supreme court rule exceptions. 155 Ill. 2d R. 301; State Farm Mutual Automobile Insurance Co. v. Illinois Farmers Insurance Co., 226 Ill. 2d 395, 415, 875 N.E.2d 1096, 1108 (2007). A trial court's denial of a motion to dismiss is an interlocutory order that is not final and appealable. State Farm Mutual Automobile Insurance Co., 226 Ill. 2d at 415, 875 N.E.2d at 1108.

Nevertheless, Supreme Court Rules 306, 307 and 308 (155 Ill. 2d Rs. 306, 307, 308) provide for appeals from certain specified orders that are not final judgments either by leave of the appellate court (155 Ill. 2d Rs. 306, 308) or as of right (155 Ill. 2d R. 307). This court has previously considered the appealability of a denial of a motion to dismiss based upon a forum-selection clause in a contract and has held that it does not fall within the ambit of Supreme Court Rule 306. Ferguson v. Bill Berger Associates, Inc., 302 Ill. App. 3d 61, 69-70, 704 N.E.2d 830, 836 (1998). Additionally, the order does not fall within the plain language of Rule 307. 155 Ill. 2d R. 307. Thus, the only possible mode of appeal at this juncture is Rule 308, which is the rule under which Carnival has appealed.

Rule 308 provides an avenue of permissive appeal for interlocutory orders where the trial court has deemed that they involve a question of law as to which there is substantial ground for difference of opinion and where an immediate appeal from the order may materially advance the

ultimate termination of the litigation. 155 Ill. 2d R. 308. Thus, the rule was not intended to allow for an interlocutory appeal of merely an application of the law to the facts of a specific case. Thomas v. Page, 361 Ill. App. 3d 484, 494, 837 N.E.2d 483, 494 (2005). Moreover, we are ordinarily limited to the question certified and are not to rule on the propriety of the underlying order. Barbara's Sales, Inc. v. Intel Corp., 227 Ill. 2d 45, 58, 879 N.E.2d 910, 918 (2007).

Here, the first certified question, as framed by the circuit court, although properly couched in Rule 308 language, essentially asks this court to review the underlying order, finding the forum-selection clause unenforceable. This request is merely seeking a review of the trial court's application of the law to a given set of facts rather than a properly written certified question which articulates a specific question of law. See, *e.g.,* Mack v. Royal Caribbean Cruises, Ltd., 361 Ill. App. 3d 856, 838 N.E.2d 80 (2005) (allowing a Rule 308 appeal articulating a specific question of law with regard to the forum-selection clause).

However, in the interest of judicial economy and reaching an equitable result, a reviewing court may go beyond the certified question and consider the appropriateness of the order giving rise to an appeal. Boyd v. Travelers Insurance Co., 166 Ill. 2d 188, 193, 652 N.E.2d 267, 270 (1995), quoting 134 Ill. 2d R. 366(a)(5) (The reviewing court may "enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief *** that the case may require."). Here, despite the poorly drafted question, we find it necessary to address the appropriateness of the trial court's underlying order. The enforceability of the forum-selection clause in a passenger cruise ticket involves a question of federal maritime law, and the resolution of this issue at this early stage would indeed materially advance the

ultimate termination of the litigation in Illinois.

A cruise ticket is a maritime contract governed by federal admiralty law. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590, 113 L. Ed. 2d 622, 629, 111 S. Ct. 1522, 1525 (1991). In admiralty cases, forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 32 L. Ed. 2d 513, 520, 92 S. Ct. 1907, 1913 (1972). The United States Supreme Court in Shute articulated some specific justifications for enforcing these clauses despite the purchaser's lack of negotiating power: The cruise ship has an interest in limiting the fora in which it can be subject to suit; the clause clarifies for the parties where the suit must be brought, thereby sparing litigants and the courts time and expense to determine the proper forum for the suit; and passengers benefit in the form of reduced fares. Shute, 499 U.S. at 593-94, 113 L. Ed. 2d at 632, 111 S. Ct. at 1527.

Nevertheless, forum-selection clauses in form cruise ship contracts are "subject to judicial scrutiny for fundamental fairness." Shute, 499 U.S. at 595, 113 L. Ed. 2d at 633, 111 S. Ct. at 1528. In determining whether a forum-selection clause is fundamentally fair, courts consider (1) whether the forum has been selected to discourage passengers from pursuing legitimate claims; (2) whether there was fraud or overreaching involved in obtaining the passenger's acceptance of the clause; and (3) whether the passengers were given sufficient notice of the clause. Shute, 499 U.S. at 595, 113 L. Ed. 2d at 633, 111 S. Ct. at 1528.

With respect to notice, a two-part "reasonable communicativeness" test has evolved to evaluate whether the terms of the clause were reasonably communicated and, therefore, binding

on the passenger. Under this two-part analysis, the court considers: (1) whether the physical characteristics of the ticket reasonably communicate the existence of the terms and conditions at issue; and (2) whether the circumstances surrounding the passenger's purchase and subsequent retention of the tickets permitted the passenger to become meaningfully informed of its contractual terms. Wallis v. Princess Cruises, Inc., 306 F.3d 827, 835-36 (9th Cir. 2002); Mack, 361 Ill. App. 3d at 862-63, 838 N.E.2d at 85 (articulating the test as applied by the federal courts). Both prongs of the test must be met for the clause to be enforceable. Ward v. Cross Sound Ferry, 273 F.3d 520, 523 (2d Cir. 2001); Mack, 361 Ill. App. 3d at 862-63, 838 N.E.2d at 85.

As to the first prong of the test, courts generally consider the conspicuousness of the clause at issue, font size, clarity of the terms, and the ease with which a passenger can read the provisions. Wallis, 306 F.3d at 836. Whether these physical characteristics of plaintiff's ticket were sufficiently conspicuous is a question of law for the court to determine. Wallis, 306 F.3d at 835; Ward, 273 F.3d at 523; Effron v. Sun Line Cruises, Inc., 67 F.3d 7, 9 (2d Cir. 1995); Dempsey v. Norwegian Cruise Line, 972 F.2d 998, 999 (9th Cir. 1992); Marek v. Marpan Two, Inc., 817 F.2d 242, 245 (3d Cir. 1987).

Here, the front cover of the cruise ticket booklet announces, in all capital letters and set off by a black background, an "IMPORTANT NOTICE TO GUESTS," and indicates that the contract contains important limitations affecting the rights of passengers. It directs the passenger to specific pages of the contract. The face of the cruise ticket contract conspicuously notifies the passenger of the importance of reading the terms and conditions of the contract. It specifically

directs the passenger to clauses 13 through 17 of the contract, which contain the forum-selection clause and warn the passenger that these clauses limit the passenger's rights to assert claims against Carnival. The forum-selection clause is straightforward and unambiguous.

The weight of federal maritime authority holds that this type of ticket and other similarly designed tickets reasonably communicate the existence of the forum-selection clause in the ticket contract. Effron, 67 F.3d at 9 (clause reasonably communicated where face of ticket directed passenger to contract clause); Spataro v. Kloster Cruise, Ltd., 894 F.2d 44, 45-47 (2d Cir. 1990) (warning on page five of passenger ticket contract gave reasonable and sufficiently conspicuous notice); Perez v. Carnival Cruise Lines, 993 F. Supp. 39, 41 (D.P.R. 1998); Lemoine v. Carnival Cruise Lines, 854 F. Supp. 447, 449 (E.D. La 1994); Walker v. Carnival Cruise Lines, Inc., 681 F. Supp. 470, 478-79 (N.D. Ill. 1987). We see no reason to impose a different result here. Accordingly, we find that the physical characteristics of the contract reasonably communicated the existence of the forum-selection clause and that the trial court erred as a matter of law in finding otherwise.

As to the second prong, courts have considered the passenger's familiarity with the cruise ticket, the time and incentive to study the provisions of the ticket contract, and any other notice the passenger may have received regarding the ticket contract provisions. Ward, 273 F.3d at 525. We recognize that in some cases, as in Mack, 361 Ill. App. 3d at 863, 838 N.E.2d at 85, the court may be called upon to make credibility determinations and resolve conflicts in the evidence and that not all issues relating to a forum-selection clause will be issues of law. In those cases, a deferential standard of review is warranted. Mack, 361 Ill. App. 3d at 863, 838 N.E.2d at 85.

However, here, the trial court did not make any findings with respect to the second prong, and the undisputed facts of record reveal that plaintiff had an adequate opportunity to read the provisions.

Based upon plaintiff's own affidavit and deposition testimony, the travel agent received the ticket booklet and delivered them to plaintiff's sister, the designated person in charge of making the travel arrangements, one month prior to the cruise. Plaintiff indicates that she personally received the ticket in an envelope one week prior to her trip and that she chose not to open the ticket booklet and was not advised by anyone to do so. Prior to boarding the ship, she opened the envelope and presented her booklet to the cruise ship agent and signed the cruise ticket contract, acknowledging that she had read and understood the terms and conditions of the contract. Plaintiff has traveled with Carnival on at least eight previous occasions with a similar cruise ticket contract.

Despite plaintiff's contention that she did not open up the envelope and read the contract, and was not advised to do so, under this prong, the focus is not on whether the passenger actually read the contract but, rather, on whether she had the opportunity to read it. Lousararian v. Royal Caribbean Corp., 951 F.2d 7, 11 (1st Cir. 1991); Geller v. Holland-America Line, 298 F.2d 618 (2d Cir. 1962) (enforcing limitation provision despite plaintiff's failure to open the envelope and read the contract); Morales v. Royal Caribbean Cruises, Ltd., 419 F. Supp. 2d 97, 100 (D.P.R. 2006); Elliot v. Carnival Cruise Lines, 231 F. Supp. 2d 555, 561 (S.D. Tex 2002); Walker v. Carnival Cruise Lines, 63 F. Supp. 2d 1083, 1089 (N.D. Cal. 1999); Schaff v. Sun Line Cruises, Inc., 999 F. Supp. 924, 926 (S.D. Tex. 1998) ("[T]he failure or inability of [a cruise ship] passenger to read the ticket does not preclude her being bound by [its] conditions and limitations,

provided they are not unlawful in content."); see also Hill v. Gateway 2000, Inc., 105 F.3d 1147, 1148 (7th Cir. 1997) ("A contract need not be read to be effective; people who accept take the risk that the unread terms may in retrospect prove unwelcome.").

Plaintiff does not dispute that she had a reasonable time to read her ticket contract and review it on this trip or on any of the eight previous trips. Accordingly, the undisputed facts reveal that plaintiff had the opportunity to become meaningfully informed of the contract terms. Consequently, the circuit court erred as a matter of law in finding that the ticket contract failed to provide plaintiff with reasonable notice of the forum-selection clause.

We next consider the trial court's ruling that the forum-selection clause would have a deterrent effect on plaintiff's ability to pursue her case against Carnival when comparing the minimal value of the claim with the cost to litigate her claim in Miami. It has been held that in scrutinizing the forum-selection clause for fundamental fairness, the clause may be found unreasonable if the contractually selected forum is so gravely unfair and inconvenient that, for all practical purposes, it deprives the plaintiff of his day in court. Bremen, 407 U.S. at 10, 32 L. Ed. 2d at 520, 92 S. Ct. at 1913. However, the plaintiff faces a heavy burden of proof to overcome the presumption that enforcement of the forum-selection clause is reasonable. Shute, 499 U.S. at 595, 113 L. Ed. 2d at 633, 111 S. Ct. at 1528. See, *e.g.*, Effron, 67 F.3d at 10-11 (rejecting the notion that the mere expense or inconvenience of prosecuting an action in the designated forum rises to the level of depriving plaintiff of his day in court).

Although some courts have considered physical and financial impediments in rejecting forum selection clauses in evaluating fundamental fairness, these cases have involved extreme

1-07-3538

situations regarding disability, poverty, and public policy issues. See <u>Walker v. Carnival Cruise Lines</u>, 107 F. Supp. 2d 1135 (N.D. Ca. 2000) (severity of passengers' handicaps, evidence of poverty, and important civil rights issues warranted refusal to enforce forum-selection clause); <u>Mack</u>, 361 Ill. App. 3d at 863, 838 N.E.2d at 86 (plaintiffs never received documentation containing forum-selection clause and plaintiff was partially paralyzed and wheelchair bound).

None of these obstacles are present in this case. Although the cost and inconvenience to litigate the claim might deter plaintiff from bringing suit in Miami, it does not preclude her from litigating her claim and is insufficient to satisfy the high burden of proof required to nullify the forum-selection clause. Requiring plaintiff to pursue her claim in Florida does not impose an unreasonable burden by mandating litigation in a "remote alien forum." <u>Shute</u>, 499 U.S. at 594, 113 L. Ed. 2d at 632, 111 S. Ct. at 1528. To invalidate the contract on the basis of the value of plaintiff's claim would render the forum-selection clause meaningless and nullify the justifications for enforcement set forth in <u>Shute</u>. Accordingly, for all of the foregoing reasons, plaintiff is bound by the forum-selection clause and we answer the certified question in the affirmative.

Certified question answered; cause remanded.

QUINN, P.J., and GREIMAN, J., concur.

- 13 -

**JERRY WALKER,**

**Plaintiff-Appellee,**

v.

**CARNIVAL CRUISE LINES, INC., a Corporation, CARNIVAL CRUISE LINES, a Corporation, and CARNIVAL CORPORATION, a Panama Corporation, doing business in the United States,**

**Defendants-Appellants.**

**No. 1-07-3538**

**Appellate Court of Illinois**
**First District, Third Division**

**Filed: May 21, 2007**

**JUSTICE THEIS delivered the opinion of the court.**

**Quinn, P.J., and Greiman, J., concur.**

**Appeal from the Circuit Court of Cook County**
**Honorable Moira Johnson, Judge Presiding**

For PLAINTIFF-APPELLEE,

Ronald S. Fishman
Kenneth A. Fishman
Fishman & Fishman, Ltd.
25 East Washington St., Suite 1450
Chicago, IL 60602

For DEFENDANTS-APPELLANTS,

Paul J. Kozacky
Jerome R. Weitzel
Jeffrey S. Becker
Kozacky & Weitzel, P.C.
55 West Monroe St., 24th Floor
Chicago, IL 60603