# Illinois Official Reports

## Appellate Court

---

### *Raymond W. Pontarelli Trust v. Pontarelli*, 2015 IL App (1st) 133138

---

| | |
|---|---|
| Appellate Court Caption | THE RAYMOND W. PONTARELLI TRUST, Under the Trust Authority Dated December 6, 1979, as Amended and Restated, by and Through its Co-Trustee, The Chicago Trust Company, N.A.; THE FLORENCE PONTARELLI 2011 REVOCABLE TRUST, Under the Trust Authority Dated July 21, 2011, as Amended by and Through One of its Co-Trustees, Michel Pontarelli; and FLORENCE PONTARELLI, by Michel Pontarelli as the Holder of Her Power of Attorney, Plaintiffs and Counterdefendants-Appellees, v. MICHAEL PONTARELLI, VALERIE P. BURGESS, LOUISE COSMANO, PONTARELLI MANAGEMENT, LLC, an Illinois Limited Liability Company, Defendants and Counterplaintiffs-Appellants. |
| District & No. | First District, Third Division<br>Docket Nos. 1-13-3138, 1-13-3865 cons. |
| Filed<br>Rehearing denied | March 18, 2015<br>June 16, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-40647; the Hon. Kathleen M. Pantle, Judge, presiding. |
| Judgment | Appeals dismissed. Plaintiffs' motion for sanctions granted. |
| Counsel on Appeal | Stephen M. Komie, of Komie & Associates, of Chicago, for appellants.<br><br>Ray J. Koenig, Eric Dorkin, MacKenzie Hyde, and Leslie Gutierrez, all of Clark Hill PLC, of Chicago, for appellees. |

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Justices Lavin and Mason concurred in the judgment and opinion.

## OPINION

¶ 1    Defendants filed this interlocutory appeal from three orders, two of which involved the leasing of condominiums held in a trust and the disbursement of trust income. The third order denied defendants' motion to dismiss. The first two orders do not qualify as injunctions and, therefore, are not appealable. The third order does not purport to finally resolve any issue and is likewise not ripe for appeal. Hence, we dismiss defendants' appeals for lack of jurisdiction.

¶ 2    This is not the first time we have dismissed for lack of jurisdiction an appeal filed by defendants' counsel in this matter. An appeal was similarly dismissed in *In re Guardianship of Pontarelli*, 2014 IL App (1st) 122782-U, ¶¶ 11-12, *appeal denied*, No. 117930 (Ill. Sept. 24, 2014). Thus, in a short time, we have dismissed three frivolous appeals that wasted judicial resources and resulted in appellees incurring needless attorney fees. Defendants' attorney, Stephen M. Komie, signed each notice of appeal and each brief in the past and current appeals. Accordingly, we sanction attorney Komie under Supreme Court Rule 375(b). Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994).

¶ 3                              BACKGROUND

¶ 4    During the course of their marriage, plaintiff Florence Pontarelli and her husband Raymond acquired six multi-unit buildings and three condominiums in Cook County. Raymond passed away in 2011. The multi-unit buildings are held by six limited liability companies (the property LLCs). Raymond's trust–which has been restated several times–owns a majority in three of the property LLCs, while Florence's trust–also restated–owns a majority in the other three. Defendants Michael Pontarelli, Valerie Burgess, and Louise Cosmano are Raymond's children from a previous marriage. Michael and Louise are minority members of all the property LLCs. Defendant Pontarelli Management manages all of the property LLCs. Michael owns a 50% interest in Pontarelli Management.

¶ 5    In November 2011, Florence filed suit against the property LLCs, Michael, Valerie, Louise, Pontarelli Management, and others seeking various relief. Two pleadings are currently pending in the circuit court. First, plaintiffs' second amended complaint, which seeks: (i) a declaratory judgment that Michael's company–Pontarelli Construction–is not the manager of the property LLCs or Pontarelli Management; (ii) an inspection of the records and an accounting from the property LLCs and Pontarelli Management; (iii) the expulsion of Michael, Louise, and Valerie from the property LLCs; (iv) the dissolution of Pontarelli Management; (v) a declaration that Michael and Louise may not serve as trustees of either trust during Florence's lifetime; and (vi) a declaration that Raymond's trust had no interest in the marital residence. Florence further alleges breach of fiduciary duty against Michael, Valerie, Louise, and Pontarelli Construction. In the second amended complaint, plaintiff Michel Pontarelli stood in for Florence as holder of her power of attorney. Michel is also a co-trustee of Florence's trust, though defendants dispute her status as trustee.

¶ 6    Defendants' counterclaim is also pending in the circuit court and that pleading seeks: (i) the removal of Florence as trustee of both trusts and the appointment of Michael and Louise as

co-trustees; (ii) an accounting from both trusts; (iii) a constructive trust; and (iv) an injunction preventing Florence from dissipating the trusts' assets. Defendants further alleged conversion against Florence.

¶ 7 In July 2012, the trial court granted in part defendants' motion for a temporary restraining order, preventing Florence from acting as trustee of either trust. The trial court also enjoined the sale of two condominiums held by the trusts. The parties eventually entered an agreed order indefinitely extending the restraining order.

¶ 8                                    The Income Order

¶ 9 In November 2012, plaintiffs moved for the release of certain income and funds from the trusts, arguing that defendants had withheld trust funds rightfully due to Florence and that she could not access certain funds due to the court's injunction. Plaintiffs further moved for the release of funds from the sale of real estate in proportion to the trusts' ownership interest in the property LLCs and to require a quarterly accounting from defendants.

¶ 10 On September 12, 2013, the trial court entered a memorandum order, granting in part and denying in part plaintiffs' motion (the income order). The court noted that Florence was the sole income beneficiary of the trusts and was therefore entitled to all trust funds, without qualification or justification. The court also noted that the injunction against Florence did not prohibit her from receiving income from the trusts. In the income order, the court ordered defendants: (i) to account for all of the property LLCs' funds on a quarterly basis; (ii) to provide a complete accounting within 21 days; (iii) to schedule an evidentiary hearing on the amount of funds due to Florence; and (iv) to set a preliminary injunction hearing regarding Florence's capacity to act as trustee.

¶ 11                                    The Lease Order

¶ 12 In December 2012, defendants moved for authorization to lease two condominium units held by the trusts, not the property LLCs. The two units had been joined to make a single large unit, and the defendants sought the court's permission to separate the units again. The trial court had enjoined sale of the condominiums as part of the July 2012 temporary restraining order. The trial court found that the trusts were the sole owners of the condominiums, but that the defendants had standing as residual beneficiaries to request the court's approval to lease the properties to prevent waste of the trusts' assets.

¶ 13 On September 12, 2013, the trial court granted defendants' motion to lease the condominiums, but would not allow any construction on the units (the lease order). The court also set certain restrictions on the leases, such as: (i) a limitation to a six-month term; (ii) they cannot be rented to a person with any interest in the litigation or with financial ties to the defendants; (iii) they must be rented at or above fair market value; (iv) there can be no rent-to-purchase option; and (v) the lease must be in writing and tendered to plaintiffs' attorney within 48 hours of execution. The court further ordered defendants to account to plaintiffs for the rents and expenses quarterly and to pay Florence any income from the rental.

¶ 14                              Defendants' Motion to Dismiss

¶ 15 In August 2013, defendants moved to dismiss the amended complaint under section 2-619 of the Code of Civil Procedure. 735 ILCS 5/2-619 (West 2012). Defendants asserted that

Florence lacked the legal capacity to sue because she has dementia, is blind, resides in a nursing home, and cannot live on her own without assistance. Defendants attached an affidavit from a psychiatrist, Dr. Stafford Henry, who stated that he evaluated Florence in August 2011. Dr. Henry diagnosed Florence with dementia, memory loss, and impaired executive function. He concluded that Florence was totally incapable of making financial decisions and partially incapable of making personal decisions. The defendants argued that, because of Florence's incapacity, Michael and Louise were the rightful co-trustees and, therefore, Florence did not have standing to bring the case. On November 15, 2013, the trial court denied defendants' motion to dismiss, finding it improper to address the issue of Florence's capacity and mental health on a motion to dismiss.

¶ 16    These consolidated appeals followed.

¶ 17                              ANALYSIS

¶ 18    Defendants filed this interlocutory appeal from three orders: (i) the September 12, 2013 order granting defendants' motion for authorization to lease two condominium units; (ii) the September 12, 2013 order granting plaintiffs' motion for release of income funds of the trust; and (iii) the November 15, 2013 order denying defendants' motion to dismiss under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619(a)(2) (West 2012)). We dismiss defendants' appeal for lack of jurisdiction.

¶ 19                 September 12, 2013 Lease and Income Orders

¶ 20    Defendants characterize the September 12, 2013 lease and income orders as injunctive and thus reviewable under Rule 307 (Ill. S. Ct. R. 307(a)(1) (eff. Feb. 26, 2010)), or as reviewable under Rule 304 (Ill. S. Ct. R. 304(b)(1), (2) (eff. Feb. 26, 2010)). We disagree.

¶ 21    "An appeal may be taken to the Appellate Court from an interlocutory order of court *** granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction ***." Ill. S. Ct. R. 307(a)(1) (eff. Feb. 26, 2010). "To determine what constitutes an appealable injunctive order under Rule 307(a)(1), we must look to the substance of the action, not its form." (Internal quotation marks omitted.) *Doe No. 1 v. Northwestern Memorial Hospital*, 2014 IL App (1st) 140212, ¶ 29. An injunctive order requires a party to do a particular thing, or to refrain from doing a particular thing, "the most common sort of which operate as a restraint upon the party in the exercise of his real or supposed rights." (Internal quotation marks omitted.) *In re A Minor*, 127 Ill. 2d 247, 261 (1989). But orders properly characterized as "ministerial" or "administrative" are not subject to interlocutory appeal as of right because they only regulate the procedural aspects of the case before the court. *Khan v. BDO Seidman, LLP*, 2012 IL App (4th) 120359, ¶ 48.

¶ 22    "A person establishing a trust may specify in the instrument the rights, powers, duties, limitations and immunities applicable to the trustee, beneficiary and others ***." 760 ILCS 5/3(1) (West 2012). Here, both trusts define the trustee's powers simply as "governed by Illinois law." Accordingly, the Trusts and Trustees Act (Act) (760 ILCS 5/1 *et seq.* (West 2012)) defines the powers of the trustee. See 760 ILCS 5/3(1) (West 2012) ("The provisions of this Act apply to the trust to the extent that they are not inconsistent with the provisions of the instrument.").

¶ 23    Under the Act, a trustee has the power to lease trust assets. 760 ILCS 5/4.02 (West 2012). Moreover, "during any period in which any litigation is pending which may void or invalidate the trust in whole or in part or affect the rights, powers, duties or discretions of the trustee," the trustee retains "all of the rights, powers and duties given to or imposed upon the trustee by law and the provisions of the trust instrument *** *except as otherwise directed by the court*." (Emphasis added.) 760 ILCS 5/4.18, 4 (West 2012).

¶ 24    The record does not indicate that the order relating to the rental of the condominiums was injunctive in nature. No emergency existed that required intervention of the court's traditional equitable powers, nor did defendants style their motion as one for injunctive relief. The condominiums had sat vacant since May 2011. The order did not purport to adjudicate any of the substantive issues pending between the parties, but was entered for the purpose of allowing the trusts' assets to generate income and preventing waste.

¶ 25    Defendants assert that the order's limitations on the leasing of the condominiums and the income order's accounting requirements operate as injunctions. Nothing in these orders regulates the parties' conduct in their everyday activities outside the litigation, and they are a valid exercise of the court's power under the Act. See 760 ILCS 5/4.18 (West 2012). Virtually every order entered by a court compels a party to do or prohibits a party from doing something. But that does not make every order an injunction. It is the court's prerogative under the Act to ensure that the trusts continue to operate during litigation and that Florence receives what she is due, especially where it is undisputed that she is the trusts' sole income beneficiary. The leasing and income orders were necessary and appropriate in the administration of the litigation and, therefore, are not subject to an interlocutory appeal.

¶ 26    Defendants further argue that this court has jurisdiction under Rule 304. Under that rule, a judgment or order is appealable without a special finding where it is entered: (i) "in the administration of an estate, guardianship, or similar proceeding which *finally determines a right or status of a party*" (emphasis added) (Ill. S. Ct. R. 304(b)(1) (eff. Feb. 26, 2010)); and (ii) "in the administration of a receivership, rehabilitation, liquidation, or other similar proceeding *which finally determines a right or status of a party* and which is not appealable under Rule 307(a)" (emphasis added) (Ill. S. Ct. R. 304(b)(2) (eff. Feb. 26, 2010)). Under these subsections, to satisfy the finality requirement, "[i]t is not necessary that the order resolve all matters in the estate, but it must resolve all matters on the particular issue." (Internal quotation marks omitted.) *Cushing v. Greyhound Lines, Inc.*, 2012 IL App (1st) 100768, ¶ 84.

¶ 27    Because neither the income nor leasing orders purport to fully resolve any matters or issues regarding the status or rights of any of the parties, properties, or corporations at stake, they are not appealable under Rule 304(b)(1) or (2).

¶ 28                    Denial of Defendants' Motion to Dismiss

¶ 29    Defendants next argue that the November 15, 2013 denial of their motion to dismiss is appealable under Rule 304(b). Ill. S. Ct. R. 304(b)(1), (2) (eff. Feb. 26, 2010). We disagree.

¶ 30    As noted above, Rule 304 requires the order appealed to finally determine the right or status of a party. The denial of defendants' motion to dismiss did no such thing. As the trial court noted in its oral ruling, "I could never reach a complicated issue about somebody's mental health condition on a 2-619 motion to dismiss," and it also noted that the issue of Florence's competence as trustee was not appropriately disposed of on the pleadings and a single affidavit. The trial court did not make any final determination regarding Florence's

capacity to act as trustee. Accordingly, the November 15, 2013 denial of defendants' motion to dismiss is not appealable. See *Walker v. Carnival Cruise Lines, Inc.*, 383 Ill. App. 3d 129, 132 (2008) ("A trial court's denial of a motion to dismiss is an interlocutory order that is not final and appealable.").

¶ 31                                          SANCTIONS

¶ 32    Plaintiffs assert that defendants' multiple frivolous appeals warrant sanctions in consolidated appeals numbers 1-13-3138 and 1-13-3865. We agree.

¶ 33    Illinois Supreme Court Rule 375 provides:

> "If, after consideration of an appeal or other action pursued in a reviewing court, it is determined that the appeal or other action itself is frivolous, or that an appeal or other action was not taken in good faith, for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or the manner of prosecuting or defending the appeal or other action is for such purpose, an appropriate sanction may be imposed upon any party or the attorney or attorneys of the party or parties." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994).

An appeal is frivolous where "it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." *Id.* The standard we apply is objective: "an appeal will be found to be frivolous if a reasonable prudent attorney would not in good faith have brought such an appeal." Ill. S. Ct. R. 375(b), Committee Comments (adopted Aug. 1, 1989); *Kennedy v. Miller*, 197 Ill. App. 3d 785, 791 (1990).

¶ 34    Defendants' attorney Stephen Komie has now sought three interlocutory appeals, each frivolous, each lacking merit, and each a waste of judicial resources. In case number 1-13-3865, regarding the denial of defendants' motion to dismiss, we found no basis in the record to support Komie's contention that the trial court made a final determination of Florence's capacity to act as trustee when it denied that motion. Without a basis, the appeal smacks of harassment and delay.

¶ 35    Nor, as we have explained, can we find reasonable merit in appeal number 1-13-3138. This is especially so with the income order, which resulted from Komie's own motion, and which in form and substance does not seek injunctive relief. See *In re Estate of Wilson*, 373 Ill. App. 3d 1066, 1075 (2007) ("The party seeking a preliminary injunction or temporary restraining order must establish that it has a protectable right, that it will suffer irreparable harm if injunctive relief is not granted, that its remedy at law is inadequate, and that there is a likelihood of success on the merits." (Internal quotation marks omitted.)).

¶ 36    Unlike the trial court's temporary restraining order of July 2012, which prevented Florence from acting as trustee, plaintiffs' motion for release of income from the trust sought to give Florence her due as the sole income beneficiary of the trusts and ensures the trusts continue to function as normally as possible during litigation. This is administrative in nature, and nothing in Komie's appeal indicates that he had a good-faith basis for filing the appeal when he did.

¶ 37    Although we limit the sanctions to the two appeals before us, we previously dismissed Komie's appeal of Florence's guardianship proceedings for lack of jurisdiction in *In re Guardianship of Pontarelli*, 2014 IL App (1st) 122782-U. In that appeal, Louise had filed a petition seeking guardianship over Florence. *Id.* ¶ 2. The trial court dismissed the petition

without prejudice due to Michel's established power of attorney. *Id.* Komie appealed on behalf of Louise, and we dismissed that appeal as a premature appeal from a nonfinal order. *Id.* ¶¶ 11-12 ("the language, 'without prejudice,' clearly manifests the intent of the trial court that the order not be considered final and appealable").

¶ 38    That Komie filed multiple rejected appeals in a relatively short period is not, as he insists, simply zealous advocacy in action. Rather, the circumstances and facts of each appeal indicate a lack of good faith. Zealous advocacy must be reasonable and diligent advocacy. *Lewis v. Cotton Belt Route–St. Louis Southwestern Ry. Co.*, 217 Ill. App. 3d 94, 124 (1991) (Rarick, P.J., dissenting) ("zealous advocacy must fall within reasonable bounds of propriety"); see *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 87 ("Zealous advocacy *** must not deteriorate into zealotry ***."). "While an attorney should be an advocate for his client, he is not obligated to urge frivolous points which are contrary to the law and the facts." (Emphasis and internal quotation marks omitted.) *People v. Townsel*, 14 Ill. App. 3d 105, 112 (1973).

¶ 39    Accordingly, we grant plaintiffs' motion for sanctions against Komie in the form of the attorney fees and costs associated with the appeals before us. An award of plaintiffs' attorney fees is appropriate to deter further unjustified appeals. We direct that, within 14 days of the date of this opinion, plaintiffs shall submit a petition for fees and costs under Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994). Komie may respond within 14 days. This court will then issue an order regarding reasonable fees and costs.

¶ 40    Appeals dismissed. Plaintiffs' motion for sanctions granted.