2024 IL App (1st) 230666-U

No. 1-23-0666

Order filed March 20, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| *In re* ESTATE OF MARY DITTO, Deceased | ) | Appeal from the |
| | ) | Circuit Court of |
| (Frank Ditto, | ) | Cook County. |
|     Petitioner-Appellant, | ) | |
| | ) | No. 19 P 4151 |
|     v. | ) | |
| | ) | Honorable |
| Catherine Ditto, Executor, | ) | Kent Delgado, |
|     Respondent-Appellee). | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Reyes and Justice D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We dismiss this appeal for lack of jurisdiction when appellant appeals from a non-final order denying his "amended" motion to dismiss a verified citation to recover assets.

¶ 2    In this probate action, Frank Ditto appeals *pro se* from the trial court's order denying his

"amended" motion to dismiss a verified citation to recover assets filed against him by Catherine

Ditto, his sister and the executor of the estate of the decedent, their mother, Mary Ditto.[1] On appeal, Frank asks this court to grant the motion to dismiss and to "dismiss and quash" Catherine's "probate filing as executor." We dismiss.[2]

¶ 3      Although the record on appeal does not contain a report of proceedings, we glean the following facts from the common law record, which includes the petition for probate of will, the petition and amended petition seeking a citation to recover assets, and the trial court's orders. We set forth only those facts relevant to the instant appeal.[3]

¶ 4      On April 22, 2019, the decedent died. On June 10, 2019, Catherine filed a petition for probate of will and for letters testamentary in the circuit court. The petition alleged that on October 12, 2011, the decedent executed a will naming as heirs her three children, Frank, Catherine, and Anne Ditto. An attached will appointed Catherine as executor. On August 19, 2019, the circuit court appointed Catherine as the independent executor of the decedent's estate.

¶ 5      On February 19, 2020, Frank filed a *pro se* petition seeking, in pertinent part, to remove Catherine as executor because she "willfully" and "maliciously" attempted to defraud him. The petition further alleged that Catherine interfered in the decedent's relationship with Frank in order to prevent the decedent from giving Frank the decedent's residence. On March 3, 2020, Frank filed an amended petition with attachments, including, *inter alia*, an October 1, 2012, "Quitclaim Deed" in which the decedent conveyed a residence located at 2109 Crosby Street (Crosby residence) in

---

[1] For clarity, we refer to Mary Ditto as the decedent and to other members of the Ditto family by their first names.

[2] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

[3] On March 17, 2023, we dismissed petitioner's *pro se* appeal from the denial of a motion for substitution of judge for want of prosecution. See *In re* Estate of Mary Ditto, No. 1-22-0355 (Mar. 17, 2023) (dispositional order).

Rockford, Illinois to Frank in exchange for $12. The document, signed in San Francisco, was notarized and bore the decedent's signature. Frank then filed a second amended petition raising an additional claim of intentional infliction of mental and emotional distress.

¶ 6     Catherine filed, through counsel, motions to dismiss the petition and the second amended petition.

¶ 7     Following a hearing on August 7, 2020, the trial court ordered Catherine to file an inventory and accounting of the estate on or before September 8, 2020, and Frank to file any objections on or before October 23, 2020.

¶ 8     On September 8, 2020, Catherine filed, through counsel, a "First Account" covering all estate receipts and disbursements between August 19, 2019, and September 8, 2020, and an inventory which included the Crosby residence.

¶ 9     Frank filed a *pro se* objection alleging, in relevant part, the inventory was erroneous because it included the Crosby residence. Attached was a quitclaim deed recorded in Winnebago County on September 16, 2020, in which Frank conveyed the Crosby residence to his wife, Julie Ditto, as a tenant by the entirety. Catherine filed a reply, supported by an affidavit in which she averred that she believed Frank "electronically forged" the decedent's signature on the 2012 quitclaim deed.

¶ 10    Following a hearing on March 9, 2021, the trial court overruled Frank's objections to the inventory and accounting and "encourage[d]" the parties to resolve their issues regarding the decedent's property. The court granted the parties leave to file "appropriate" motions to resolve the ownership of the Crosby residence, as "ownership issues [were] not now before" the court.

¶ 11    On January 4, 2022, Catherine filed a petition seeking a citation to recover assets be issued against Frank. Catherine alleged that Frank electronically forged the decedent's signature on the October 2012 quitclaim deed, and that the decedent was in Chicago on the date that the document was allegedly signed in San Francisco. The petition sought to have the estate declared owner of the Crosby residence and all deeds "to the contrary voided." After obtaining new counsel, Catherine filed an amended petition on December 19, 2022, seeking a citation to recover assets be issued against Frank and Julie.

¶ 12    On January 26, 2023, following argument, the trial court permitted Catherine to file a verified citation to recover assets.

¶ 13    On January 27, 2023, Catherine filed a verified citation to recover assets against Frank alleging, in pertinent part, that the decedent's signature on the October 2012 quitclaim deed was a forgery, that the decedent never transferred the Crosby residence to Frank, and that Frank never asserted his alleged ownership of the residence during the decedent's lifetime, despite circumstances where it would have been to his benefit to do so.

¶ 14    Frank filed a *pro se* "amended" motion to dismiss the citation to recover assets alleging, in relevant part, that he owned the Crosby residence and Catherine had no cause of action.[4] He also filed a *pro se* "reverse" petition seeking a citation to recover assets be issued against Catherine. Frank finally filed a *pro se* document seeking an injunction and injunctive relief, namely, the "return" of the Crosby residence's keys.

---

[4] Although the document was labeled as an "amended" motion, the record does not contain an original motion.

¶ 15     On April 10, 2023, following argument, the trial court denied Frank's motion to dismiss "[f]or the reasons stated in open court" and ordered Frank to file an answer to the verified citation to recover assets by May 8, 2023. The court further held, "[f]or the reasons stated in open court," that the motions for injunctive relief and for a reverse citation were denied.

¶ 16     On April 13, 2023, Frank filed a *pro se* notice of appeal from the denial of the "Amended Dismissel [*sic*]."

¶ 17     On appeal, Frank asks this court to grant the motion to dismiss the citation to recover assets and to dismiss and quash Catherine's "probate filing as executor," as the "action" is time-barred and failed to state a cause of action. Frank asserts that Catherine failed to provide "substantial evidence" of Frank's intentional acts which were "intended to deceive or mislead," violated federal and state law by accessing the decedent's email account without written consent from the decedent, and discriminated against Frank in violation of the Americans with Disabilities Act. He further asserts that he was never "properly served" with the citation to recover assets.[5]

¶ 18     Initially, our review of Frank's appeal is hindered by his failure to comply with Illinois Supreme Court Rule 341(h), which provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment," and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). As a reviewing court, we are entitled to have the issues

---

[5] In his reply brief, Frank further argues that he also appeals from the trial court's denial of injunctive relief. However, we will not consider arguments made for the first time in a reply brief. See Ill. S. Ct. R. 341(h)(7) (eff. October 1, 2020) ("[p]oints not argued are forfeited and shall not be raised in the reply brief").

clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5. This court is "not a depository in which the burden of argument and research may be dumped." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 80. "A *pro se* litigant is held to the same standards as a litigant represented by an attorney." *Williams v. Department of Human Services Division of Rehabilitation Services*, 2019 IL App (1st) 181517, ¶ 30.

¶ 19    Here, Frank's briefs contain lengthy recitations of the alleged facts and a narration of the proceedings from his point of view. They do not, however, contain cohesive legal arguments, reasoned bases for those arguments, or citations to the record and relevant legal authorities. While Frank has included numerous purported case names and citations in his opening brief, only one of the purported citations actually corresponds to a published Illinois case. Moreover, several of the federal cases relied upon by Frank bear incorrect case names. "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. Accordingly, to the extent that Frank's briefs fail to comply with Supreme Court Rule 341(h)(7), his arguments are forfeited.

¶ 20    Considering the content of Frank's briefs, it would be within our discretion to dismiss this appeal. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005). However, because it is clear that Frank seeks to challenge the trial court's denial of the motion to dismiss the verified citation to recover assets and we have the benefit of a cogent appellee's brief, we decline to dismiss the appeal on this basis. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). That said, however, we must dismiss this appeal for lack of jurisdiction.

¶ 21 This court has no jurisdiction to review nonfinal judgments or orders absent a supreme court rule that gives us that authority. *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 9; see also Ill. S. Ct. R. 301 (eff. Feb. 1, 1994) ("Every final judgment of a circuit court in a civil case is appealable as of right"). A judgment or order is " 'final' " when "it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy." *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997). Thus, a final order terminates the litigation between the parties on the merits such that, if affirmed, the trial court need only execute the judgment. *Kellerman v. Crowe*, 119 Ill. 2d 111, 115 (1987). "If an order does not resolve every right, liability or matter raised, it must contain an express finding that there is no just reason for delaying an appeal." *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 465 (1990). Otherwise, it is not appealable. *Id.*

¶ 22 Here, Frank appeals from the trial court's order denying his motion to dismiss Catherine's verified citation to recover assets. This order did not resolve the citation to recover assets or the underlying estate proceeding. To the contrary, the order permitted Frank to respond on the merits to the citation to recover assets. In other words, the cause is still pending resolution in the trial court. Therefore, the trial court's order was not a final and appealable order. See *id.* (an appealable order resolves "every right, liability or matter raised"). Furthermore, it is well settled that the denial of a motion to dismiss is not a final judgment. *Walker v. Carnival Cruise Lines, Inc.*, 383 Ill. App. 3d 129, 132 (2008) (the denial of a motion to dismiss is an interlocutory order that is not final and appealable).

¶ 23 While Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) allows for the appeal of a final judgment as to one or more, but fewer than all, of the claims when the trial court has made

an express written finding that "there is no just reason for delaying either enforcement or appeal or both" of an order, such language was not included in the challenged order in this case. In other words, a Rule 304(a) finding makes a final order appealable despite the fact that pending claims or parties remain. See *id.*; *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 24 ("By its terms, Rule 304(a) applies only to final judgments or orders."). Here, as discussed, the trial court's denial of the motion to dismiss was not a final order as to any part of the cause. So even had such Rule 304 language been included in the challenged order, it would not have given this court jurisdiction. See *EMC Mortgage Corp.*, 2012 IL 113419, ¶ 14 (quoting *Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.*, 63 Ill. 2d 61, 66 (1976) ("It is well settled that 'the inclusion of the special finding [under Rule 304(a)] in the trial court's order cannot confer appellate jurisdiction if the order is in fact not final.' ")).

¶ 24 Accordingly, because the trial court's April 10, 2023, order denying Frank's motion to dismiss was not a final and appealable order, this court lacks jurisdiction to review it, and the instant appeal must be dismissed. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994).

¶ 25 Appeal dismissed.