2021 IL App (1st) 200342-U
Order filed: February 11, 2021

FIRST DISTRICT
FIFTH DIVISION

No. 1-20-0342

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| RON ZUREK, as Trustee of the Stella E. Zurek 2003 Declaration of Trust, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 18 M1 1700805 |
| v. | ) | |
| | ) | Honorable |
| KENNETH P. ZUREK, CHRISTOPHER BURNETT, and UNKNOWN OCCUPANTS, | ) ) ) | James Ryan and Catherine A. Schneider, Judges, presiding. |
| Defendants | ) ) | |
| (Kenneth P. Zurek, | ) ) | |
| Defendant-Appellant). | ) | |

_____

JUSTICE ROCHFORD delivered the judgment of the court.[1]
Presiding Justice Delort and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*: We dismissed this appeal for lack of jurisdiction, where additional issues remained pending below and the circuit court made no finding pursuant to Illinois Supreme Court Rule 304(a).

¶ 2    Defendant-appellant, Kenneth P. Zurek, appeals from orders that denied his motion to dismiss and motion to deem unanswered requests to admit as true, and granted a motion for

_____

[1] This appeal was added to Justice Rochford's docket on January 8, 2021.

summary judgment filed by plaintiff-appellee, Ron Zurek, as Trustee for the Stella E. Zurek 2003 Declaration of Trust. For the following reasons, we dismiss this appeal for lack of jurisdiction.[2]

¶ 3    Because it is extensive, we summarize here only that portion of the factual background of this matter necessary to the resolution of the question of our jurisdiction. Portions of this order have been taken from a prior decision issued in a related appeal. See *Zurek v Zurek*, 2018 IL App (1st) 172620-U.

¶ 4    Stella E. Zurek died on February 11, 2014, at which time she was a resident of Franklin Park, Illinois, living in her home with her son Kenneth. At the time of her death, she was survived by her three adult sons: Ron, Kenneth, and Frank L. Zurek. Pursuant to a "2003 Declaration of Trust" and an amendment thereto (2003 Trust), both executed by Stella in August 2003, upon Stella's death Kenneth became the successor trustee of the 2003 Trust and was charged with distributing the trust's assets among Stella's three sons, *per stirpes*. The only exception to this arrangement involved Stella's home (the property), with respect to which the 2003 Trust provided that it "shall not be sold until [Kenneth] moves out or becomes unwilling or unable to maintain the premises so long as [Kenneth] keeps the real estate and homeowner's insurance current, maintains the premises consistent with state, local, and federal building code requirements and generally maintains the property in a condition rated as good by real estate standards." Upon any sale of the property, the 2003 Trust provided that any proceeds from the sale would likewise be distributed among Stella's three sons, *per stirpes*.

¶ 5    On November 19, 2014, Ron initiated a prior lawsuit by filing a "Complaint to Compel

---

[2] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

Accounting, To Remove Trustee and Imposition of Constructive Trust," naming as defendants both Frank and Kenneth, with Kenneth being named both individually and in his capacity as successor trustee of the 2003 Trust. Zurek v Zurek, 14 CH 18611 (Cir. Ct. Cook County). Therein, Ron alleged that upon Stella's death, the 2003 Trust contained the property and "other assets in excess of $200,000." Ron also generally alleged that since Stella's death, Kenneth had failed to: provide any information or accounting with respect to the assets of the 2003 Trust; provide any information confirming that Kenneth was fulfilling his responsibilities with respect to the property; or distribute any trust assets in accordance with the terms of the 2003 Trust. Further contending that Kenneth was improperly being personally benefited by his breach of the fiduciary duties imposed upon him by his role as successor trustee, Ron's complaint asked the trial court to: require Kenneth to provide all documentation with respect to his actions as trustee; require Kenneth to provide an accounting by a date certain; remove Kenneth as trustee; order Kenneth to pay Ron's attorney fees and costs; and award "such other, further or different relief as the Court deems just."

¶ 6    The prior matter then proceeded to a bench trial on Ron's complaint. At the conclusion of trial, the trial court entered an order on June 30, 2017, in which it found that: (1) Kenneth breached his fiduciary duties as trustee of the 2003 Trust, including converting trust assets for his own benefit; (2) both a purported 2003 Trust revocation and a purported 2013 Trust alleged by Kenneth at trial were "null and void," and that any assets held in any purported 2013 Trust were the sole property of the 2003 Trust; and (3) a 2016 deed purportedly transferring title of the property to the 2013 Trust was null and void, and that title to the property was vested in the 2003 Trust. The trial court further ordered: (1) Kenneth to account for all of the assets of the 2003 Trust, which were specifically found to have included the property and at least $156,000 in liquid assets at the time of Stella's death; (2) the removal of Kenneth as trustee of the 2003 Trust *instanter*, replacing him

with Ron; and (3) that Ron was authorized and directed to sell the property "as soon as possible" and to hold any proceeds of the sale of the property until further order of the trial court.

¶ 7       With respect to the fact that the language of the 2003 Trust specifically permitted Kenneth to live in the property, the trial court justified its decision to order the property sold as soon as possible by concluding that, "having considered all of the evidence *** [Kenneth] has substantially breached his fiduciary duties and having otherwise refused to comply with the terms of the [2003] Trust including converting trust assets rightfully due Plaintiff for his own benefit to the substantial detriment of Plaintiff, that to permit [Kenneth] to continue to reside in the home would be inequitable and would serve to reward his wrongs to the further unwarranted detriment to the Plaintiff." The order thus provided that Ron was "entitled to sole possession of the [property.]" Finally, the order found that there was no reason to delay its enforcement or appeal.

¶ 8       Kenneth's posttrial motion was denied, and he filed a prior appeal. In an order entered in August 2018, this court affirmed the judgment in the prior litigation, in part due to Kenneth's failure to provide a sufficient record on appeal. *Zurek*, 2018 IL App (1st) 172620-U.

¶ 9       While the prior appeal was pending, Ron initiated this lawsuit in January 2018 by filing a complaint against Kenneth and unknown occupants of the property, pursuant to the Eviction Act. 735 ILCS 5/9-101, *et seq.* (West 2018). Therein, Ron generally sought possession of the property based upon Kenneth's purported failure to comply with the terms of the June 30, 2017, order entered in the prior litigation. Thereafter, Ron and Kenneth engaged in extensive litigation over several issues, not all of which are relevant to our resolution of this appeal.

¶ 10      We first note that Kenneth filed a motion to dismiss for Ron's alleged lack of diligence in obtaining service upon him, pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007), as well as a motion seeking to deem unanswered requests for admission admitted as true. For his part,

Ron filed a motion for summary judgment in which he asserted that, considering the June 30, 2017, order entered in the prior litigation and the principles of collateral estoppel, Ron was entitled to possession of the property as a matter of law.

¶ 11    In his response to Ron's motion for summary judgment, Kenneth argued—*inter alia*, and for the first time—that he was entitled to possession of the property under the terms of a lease that was purportedly executed on December 31, 2016, by and between Kenneth, the 2003 Trust and the purported 2013 Trust. In addition, Kenneth also filed a motion to dismiss this matter for Ron's failure to join a necessary and indispensable party. Therein, Kenneth asserted that another individual, Christopher P. Burnett, also lived at the property as Kenneth's roommate. Indeed, the motion asserted that Burnett resided at the property as a lessee, pursuant to a lease that was purportedly executed on July 31, 2016, by and between Burnett, the 2003 Trust and the purported 2013 Trust. Kenneth thus asserted Burnett was required to be added as a defendant.

¶ 12    In response to the two leases newly asserted by Kenneth, Ron sought leave to file an amended complaint adding two counts challenging the leases as fraudulent under the Uniform Fraudulent Transfer Act. 740 ILCS 160/1 *et seq*. (West 2018). That request was denied in an order entered on July 2, 2019.

¶ 13    Following a hearing, the circuit court entered a written order on August 5, 2019, in which it: (1) denied the two motions to dismiss filed by Kenneth, as well as Kenneth's motion seeking to deem unanswered requests for admission admitted as true, (2) granted Ron's motion for summary judgment on his original complaint, and (3) denied Kenneth's oral motion for a stay of eviction. A separate eviction order granting Ron possession of the property *instanter* was entered the same day. The report of proceedings for the hearing held that day reveals that the circuit court rejected Kenneth's contention that the purported lease executed on December 31, 2016, by and between

Kenneth, the 2003 Trust and the purported 2013 Trust, entitled Kenneth to possession of the property.

¶ 14    On August 27, 2019, Kenneth filed a motion to stay the eviction order and to reconsider and vacate the order denying his prior request for a stay. On September 3, 2019, Kenneth filed a motion to reconsider the other rulings contained in the order entered on August 5, 2019.

¶ 15    While Kenneth's motions were pending, several other relevant events transpired. On October 29, 2019, counsel for Burnett filed a limited scope appearance on his behalf. On the same date, the circuit court entered an order in which it: (1) barred Kenneth from filing further motions without leave of court; (2) granted Ron leave to file an amended complaint to add Burnett as a defendant and granted Burnett—who was identified in open court—leave to respond thereto; and (3) stayed the eviction order solely as to Burnett. A separate case management order was entered the same day concerning Burnett, in which the court—*inter alia*—set a trial date for December 11, 2019.

¶ 16    Ron's first amended complaint was filed on November 12, 2019, naming as defendants Kenneth, Burnett, and unknown occupants of the property. Therein, Ron sought possession of the property pursuant to the Eviction Act, and also sought a ruling that the lease purportedly executed on July 31, 2016, by and between Burnett, the 2003 Trust and the purported 2013 Trust be declared void, pursuant to the Uniform Fraudulent Transfer Act.

¶ 17    Thereafter, leave was granted to Kenneth to file a motion to dismiss or stay these proceedings due to complaints being filed with the Illinois Human Rights Commission against Ron on behalf of Kenneth and Burnett. In addition, counsel for Burnett filed a motion to withdraw its limited scope appearance. The trial date with respect to Burnett was stricken, and all pending issues were scheduled for a hearing on January 24, 2020.

¶ 18    Following that hearing, a written order was entered on January 24, 2020, in which the circuit court: (1) denied all of Kenneth's pending motions, including his motions for reconsideration and his motion to dismiss, (2) granted Burnett's counsel leave to withdraw, and granted leave for Burnett to file an appearance, and (3) set dates in February 2020 for pretrial and trial as to the claims against Burnett.

¶ 19    Thereafter, Burnett filed an objection to his counsel's withdrawal of its limited scope of appearance on January 30, 2020, and, on February 7, 2020, Burnett filed a motion to strike that portion of the January 24, 2020, order allowing his counsel to withdraw. On February 13, 2020, Ron filed a motion pursuant to the Eviction Act asking the court to grant an extension of time for it to enforce the August 5, 2020, eviction order against Kenneth and unknown owners, and to apply that eviction order to Burnett and lift the stay on the eviction order as to Burnett.

¶ 20    Kenneth filed a notice of appeal on February 18, 2020, in which he sought review of all the "orders entered by the court prior to and leading up to the entry of the August 5, 2019 and January 24, 2020 orders." Finally, the record reflects that on February 21, 2020, the circuit court entered an order in which it noted that the objection to the withdrawal of Burnett's counsel had been withdrawn, and that all other "motions in this case are stayed pending appeal."

¶ 21    On appeal, Kenneth asks this court to reverse the circuit court orders which denied his motions to dismiss for the alleged lack of diligence in obtaining service upon him, denied his motion to deem unanswered requests to admit as true, granted Ron's motion for summary judgment, and denied Kenneth's requests for reconsideration of those orders.

¶ 22    However, and even though the issue has not been raised by the parties, we find we are without jurisdiction to address Kenneth's appeal. *Cangemi v. Advocate South Suburban Hospital,* 364 Ill. App. 3d 446, 453 (2006) (court has a duty to *sua sponte* determine whether it has

No. 1-20-0342

jurisdiction to decide the issues presented).

¶ 23    Except as specifically provided by Supreme Court Rule 301, this court only has jurisdiction to review final judgments, orders, or decrees. Ill. S. Ct. R. 301 (eff. Feb.1, 1994), *et seq.; Almgren v. Rush–Presbyterian–St. Luke's Medical Center,* 162 Ill. 2d 205, 210 (1994). "A judgment or order is 'final' if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy." *Dubina v. Mesirow Realty Development, Inc.,* 178 Ill. 2d 496, 502 (1997).

¶ 24    However, a final judgment or order is not necessarily immediately appealable. Supreme Court Rule 304(a) provides:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." Ill. S. Ct. 304(a) (eff. Mar. 8, 2016).

¶ 25    Obviously, neither the denial of Kenneth's motion to dismiss for the alleged lack of diligence in obtaining service upon him nor the denial of his motion to deem unanswered requests to admit as true were final and appealable orders. *Walker v. Carnival Cruise Lines, Inc.*, 383 Ill. App. 3d 129, 132 (2008) ("A trial court's denial of a motion to dismiss is an interlocutory order that is not final and appealable."); *Norskog v. Pfiel*, 197 Ill. 2d 60, 69 (2001) ("Because discovery orders are not final orders, they are not ordinarily appealable."). As such, those orders would only

be appealable if the order granting Ron's motion for summary judgment (including the subsequent denial of the motion to reconsider that order) was itself a final and appealable order. *Hampton v. Cashmore*, 265 Ill. App. 3d 23, 25 (1994) ("Once a final order has been entered, all prior nonfinal orders become appealable.").

¶ 26    However, even if we were to find that the orders for which Kenneth seeks review were potentially appealable by virtue of the order granting summary judgment in favor of Ron, clearly those orders did not resolve all the issues involving all the parties pending below at the time Kenneth filed his notice of appeal. Specifically, the issues and claims still pending below included: (1) Ron's claims for possession of the property as to Burnett, and his Uniform Fraudulent Transfer Act claim with respect to the July 31, 2016, lease, as pleaded in the amended complaint; (2) Ron's February 13, 2020, motion asking the court to grant an extension of time for it to enforce the August 5, 2020, eviction order against Kenneth and unknown owners, and to apply that eviction order to Burnett and lift the stay on the eviction order as to Burnett; and (3) the motion and objection filed with respect to the withdrawal of the limited scope appearance of Burnett's counsel. Therefore, pursuant to Rule 304(a) the orders Kenneth challenges on appeal were not appealable without an "express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. 304(a) (eff. Mar. 8, 2016). No such finding was made here.

¶ 27    For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

¶ 28    Appeal dismissed.