2022 IL App (1st) 220275-U
Order filed: November 3, 2022

FIRST DISTRICT
FOURTH DIVISION

Nos. 1-22-0275 and 1-22-0395 (consolidated)

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| RON ZUREK, as Trustee of the Stella E. Zurek 2003 Declaration of Trust, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) ) | No. 18 M1 1700805 |
| v. | ) ) | |
| KENNETH P. ZUREK, CHRISTOPHER BURNETT, and UNKNOWN OCCUPANTS, | ) ) ) ) | Honorable James Ryan and Regina A. Mescall, Judges, presiding. |
| Defendants | ) ) | |
| (Kenneth P. Zurek and Christopher Burnett, | ) ) | |
| Defendants-Appellants). | ) | |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We dismiss these consolidated appeals, where they involve issues that have been rendered moot by the sale of the property at issue and appellants failed to comply with Illinois Supreme Court Rules 347 and 361.

¶ 2   Defendants-appellants, Kenneth P. Zurek and Christopher Burnett, appeal from various orders that ultimately led to the grant of summary judgment and eviction orders in favor of plaintiff-appellee, Ron Zurek, as Trustee for the Stella E. Zurek 2003 Declaration of Trust, with respect to certain property. For the following reasons, we dismiss this appeal both as moot and for

Nos. 1-22-0275 and 1-22-0395 (consolidated)

appellants' failure to comply with Illinois Supreme Court Rules 347 (eff. Oct. 1, 2020) and 361 (eff. Dec. 1, 2021).

¶ 3    Because it is extensive, we summarize here only that portion of the factual background necessary to the resolution of these consolidated appeals. Portions of this order have been taken from prior decisions issued by this court in related appeals. See *Zurek v Zurek*, 2018 IL App (1st) 172620-U; *Zurek v Zurek*, 2021 IL App (1st) 200342-U.

¶ 4    Stella E. Zurek died on February 11, 2014, at which time she was a resident of Franklin Park, Illinois, living in her home with her son Kenneth. At the time of her death, she was survived by her three adult sons: Ron, Kenneth and Frank L. Zurek. Pursuant to a "2003 Declaration of Trust" and an amendment thereto (2003 Trust), both executed by Stella in August 2003, upon Stella's death Kenneth became the successor trustee of the 2003 Trust and was charged with distributing the trust's assets among Stella's three sons, *per stirpes*. The only exception to this arrangement involved Stella's home (the property), with respect to which the 2003 Trust provided that it "shall not be sold until [Kenneth] moves out or becomes unwilling or unable to maintain the premises so long as [Kenneth] keeps the real estate and homeowner's insurance current, maintains the premises consistent with state, local and federal building code requirements and generally maintains the property in a condition rated as good by real estate standards." Upon any sale of the property, the 2003 Trust provided that any proceeds from the sale would likewise be distributed among Stella's three sons, *per stirpes*.

¶ 5    On November 19, 2014, Ron initiated a prior lawsuit by filing a "Complaint to Compel Accounting, To Remove Trustee and Imposition of Constructive Trust," naming as defendants both Frank and Kenneth, with Kenneth being named both individually and in his capacity as successor trustee of the 2003 Trust. Zurek v Zurek, 14 CH 18611 (Cir. Ct. Cook County). Therein,

Ron alleged that upon Stella's death, the 2003 Trust contained the property and "other assets in excess of $200,000." Ron also generally alleged that since Stella's death, Kenneth had failed to: (1) provide any information or accounting with respect to the assets of the 2003 Trust; (2) provide any information confirming that Kenneth was fulfilling his responsibilities with respect to the property; or (3) distribute any trust assets in accordance with the terms of the 2003 Trust. Further contending that Kenneth was improperly being personally benefited by his breach of the fiduciary duties imposed upon him by his role as successor trustee, Ron's complaint asked the circuit court to: (1) require Kenneth to provide all documentation with respect to his actions as trustee; (2) require Kenneth to provide an accounting by a date certain; (3) remove Kenneth as trustee; (4) order Kenneth to pay Ron's attorney fees and costs; and (5) award "such other, further or different relief as the Court deems just."

¶ 6     The prior matter then proceeded to a bench trial on Ron's complaint. At the conclusion of the trial, the circuit court entered an order on June 30, 2017, in which it found that: (1) Kenneth breached his fiduciary duties as trustee of the 2003 Trust, including converting trust assets for his own benefit; (2) both a purported 2003 Trust revocation and a purported 2013 Trust alleged by Kenneth at trial were "null and void," and that any assets held in any purported 2013 Trust were the sole property of the 2003 Trust; and (3) a 2016 deed purportedly transferring title of the property to the 2013 Trust was null and void, and that title to the property was vested in the 2003 Trust. The circuit court further ordered: (1) Kenneth to account for all of the assets of the 2003 Trust, which were specifically found to have included the property and at least $156,000 in liquid assets at the time of Stella's death; (2) the removal of Kenneth as trustee of the 2003 Trust *instanter*, replacing him with Ron; and (3) that Ron was authorized and directed to sell the property "as soon as possible" and to hold any proceeds of the sale of the property until further order of the circuit

court. The order further provided that Ron was "entitled to sole possession of the [property]," and found that there was no reason to delay its enforcement or appeal.

¶ 7    Kenneth's posttrial motion was denied, and he filed a prior appeal. In an order entered in August 2018, this court affirmed the judgment entered in the prior litigation, in part due to Kenneth's failure to provide a sufficient record on appeal. *Zurek*, 2018 IL App (1st) 172620-U.

¶ 8    While the prior appeal was pending, Ron initiated this lawsuit in January 2018 by filing a complaint against Kenneth and unknown occupants of the property, pursuant to the Eviction Act (formerly the Forcible Entry and Detainer Act) 735 ILCS 5/9-101, *et seq.* (West 2018). Therein, Ron generally sought possession of the property based upon Kenneth's purported failure to comply with the terms of the June 30, 2017, order entered in the prior litigation. Thereafter, Ron and Kenneth engaged in extensive litigation over several issues, not all of which are relevant to our resolution of these appeals.

¶ 9    We first note that Kenneth filed a motion to dismiss this matter for Ron's alleged lack of diligence in obtaining service upon him, pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007), as well as a motion seeking to deem unanswered requests for admission admitted as true. For his part, Ron filed a motion for summary judgment in which he asserted that, considering the June 30, 2017, order entered in the prior litigation and the principles of collateral estoppel, Ron was entitled to possession of the property as a matter of law.

¶ 10    In his response to Ron's motion for summary judgment, Kenneth argued—*inter alia*, and for the first time—that he was entitled to possession of the property under the terms of a lease that was purportedly executed on December 31, 2016, by and between Kenneth, the 2003 Trust and the purported 2013 Trust. In addition, Kenneth also filed a motion to dismiss this matter for Ron's failure to join a necessary and indispensable party. Therein, Kenneth asserted that another

individual, Burnett, also lived at the property as Kenneth's roommate. Indeed, the motion asserted that Burnett resided at the property as a lessee, pursuant to a lease that was purportedly executed on July 31, 2016, by and between Burnett, the 2003 Trust and the purported 2013 Trust. Kenneth thus asserted Burnett was required to be added as a defendant.

¶ 11    In response to the two leases newly asserted by Kenneth, Ron sought leave to file an amended complaint adding two counts challenging the leases as fraudulent under the Uniform Fraudulent Transfer Act (UFTA). 740 ILCS 160/1 *et seq*. (2018). That request was denied in an order entered on July 2, 2019.

¶ 12    Following a hearing, the circuit court entered a written order on August 5, 2019, in which it: (1) denied the two motions to dismiss filed by Kenneth, as well as Kenneth's motion seeking to deem unanswered requests for admission admitted as true, (2) granted Ron's motion for summary judgment on his original complaint, and (3) denied Kenneth's oral motion for a stay of eviction. A separate eviction order granting Ron possession of the property *instanter* was entered the same day against Kenneth and unknown occupants. The report of proceedings for the hearing held that day reveals that the circuit court rejected Kenneth's contention that the purported lease executed on December 31, 2016, by and between Kenneth, the 2003 Trust and the purported 2013 Trust, entitled Kenneth to possession of the property.

¶ 13    On August 27, 2019, Kenneth filed a motion to stay the eviction order and to reconsider and vacate the order denying his prior request for a stay. On September 3, 2019, Kenneth filed a motion to reconsider the other rulings contained in the order entered on August 5, 2019.

¶ 14    While Kenneth's motions were pending, several other relevant events transpired. On October 29, 2019, counsel for Burnett filed a limited scope appearance on his behalf. On the same date, the circuit court entered an order in which it: (1) barred Kenneth from filing further motions

without leave of court, (2) granted Ron leave to file an amended complaint to add Burnett as a defendant and granted Burnett—who was identified in open court—leave to respond thereto, and (3) stayed the eviction order solely as to Burnett. A separate case management order was entered the same day concerning Burnett, in which the court—*inter alia*—set a trial date for December 11, 2019.

¶ 15    Ron's first amended complaint was filed on November 12, 2019, naming as defendants Kenneth, Burnett and unknown occupants of the property. Therein, Ron sought possession of the property pursuant to the Eviction Act, and sought a ruling that the lease purportedly executed on July 31, 2016, by and between Burnett, the 2003 Trust and the purported 2013 Trust be declared void, pursuant to the UFTA.

¶ 16    Thereafter, leave was granted to Kenneth to file a motion to dismiss or stay these proceedings due to complaints being filed with the Illinois Human Rights Commission against Ron on behalf of Kenneth and Burnett. In addition, counsel for Burnett filed a motion to withdraw its limited scope appearance. The trial date with respect to Burnett was stricken, and all pending issues were scheduled for a hearing on January 24, 2020.

¶ 17    Following that hearing, a written order was entered on January 24, 2020, in which the circuit court: (1) denied all of Kenneth's pending motions, including his motions for reconsideration and his motion to dismiss, (2) granted Burnett's counsel leave to withdraw, and granted leave for Burnett to file an appearance, and (3) set dates in February 2020 for pretrial and trial as to the claims against Burnett.

¶ 18    Thereafter, Burnett filed an objection to his counsel's withdrawal of its limited appearance on January 30, 2020, and, on February 7, 2020, Burnett filed a motion to strike that portion of the January 24, 2020, order allowing his counsel to withdraw. On February 13, 2020, Ron filed a

motion pursuant to the Eviction Act asking the court to grant an extension of time for it to enforce the August 5, 2019, eviction order against Kenneth and unknown owners, and to apply that eviction order to Burnett and lift the stay on the eviction order as to Burnett.

¶ 19    Kenneth filed a prior notice of appeal on February 18, 2020, in which he sought review of all the "orders entered by the court prior to and leading up to the entry of the August 5, 2019, and January 24, 2020, orders." Finally, on February 21, 2020, the circuit court entered an order in which it noted that the objection to the withdrawal of Burnett's counsel had been withdrawn, and that all other "motions in this case are stayed pending appeal."

¶ 20    In the prior appeal filed in this matter, Kenneth asked this court to reverse the circuit court orders which denied his motions to dismiss for the alleged lack of diligence in obtaining service upon him, denied his motion to deem unanswered requests to admit as true, granted Ron's motion for summary judgment, and denied Kenneth's requests for reconsideration of those orders. However, we found that we were without jurisdiction to address Kenneth's prior appeal. *Zurek*, 2021 IL App (1st) 200342-U, ¶ 22.

¶ 21    We reasoned that even if the orders from which Kenneth sought review were potentially appealable by virtue of the order granting summary judgment in favor of Ron, those orders did not resolve all the issues involving all the parties pending below at the time Kenneth filed his notice of appeal. Specifically, the issues and claims then still pending included: (1) Ron's claims for possession of the property as to Burnett, and his UFTA claim with respect to the July 31, 2016, lease, as pleaded in the amended complaint, (2) Ron's February 13, 2020, motion asking the court to grant an extension of time for it to enforce the August 5, 2019, eviction order against Kenneth and unknown owners, and to apply that eviction order to Burnett and lift the stay on the eviction order as to Burnett, and (3) the motion and objection filed with respect to the withdrawal of the

limited scope appearance of Burnett's counsel. Because the circuit court had not made an "express written finding that there is no just reason for delaying either enforcement or appeal or both" (Ill. S. Ct. 304(a) (eff. Mar. 8, 2016)) with respect to the appealed orders, we dismissed the prior appeal for lack of appellate jurisdiction. *Id.* ¶¶ 26-27.

¶ 22 Following our dismissal of the prior appeal, the parties returned to the circuit court and acknowledged that the objection to the withdrawal of Burnett's counsel had itself been withdrawn after the prior notice of appeal was filed, thus resolving that matter. Burnett filed an appearance *pro se*. In addition, as relevant to this appeal, Ron filed a motion for summary judgment with respect to the claims against Burnett contained in his amended complaint and that motion was fully briefed by the parties. The parties also filed briefs addressing Ron's motion to extend the eviction order entered against Kenneth, to apply that eviction order to Burnett, and to lift the stay on the eviction order as to Burnett.

¶ 23 Following a hearing on February 22, 2022, the circuit court entered a written order resolving all pending issues in which it: (1) granted Ron's motion for summary judgment with respect to the claims against Burnett in his amended complaint and granted Ron possession of the property as to Burnett, after finding that the lease entered into by Burnett was "void as a fraudulent transfer," (2) granted Ron's motion to extend the eviction order entered against Kenneth and unknown occupants, and lifted the stay on the eviction order as to Burnett, and (3) denied Kenneth's oral motion for a stay of the order of possession pending appeal. A separate eviction order granting possession of the property to Ron was entered against Kenneth, Burnett and unknown occupants the same day, effective immediately.

¶ 24 Kenneth filed a notice of appeal on February 25, 2002, and an amended notice of appeal on March 14, 2022. Burnett filed a notice of appeal on March 17, 2022. In an order entered by this

court on May 24, 2022, these appeals were consolidated. On May 31, 2022, Burnett filed a motion in this court to stay the February 22, 2002, eviction order pending the outcome of these appeals. That motion was denied on June 7, 2022, for Burnett's failure to comply with Illinois Supreme Court Rule 305(d) (eff. July 1, 2017).

¶ 25    On September 30, 2022, after the merits of these consolidated appeals were fully briefed by the parties, Ron filed a motion to dismiss these appeals as moot. In that motion, Ron asserts that the eviction orders were executed by the sheriff on June 8, 2022, after which possession of the property was taken by Ron through his agent, Scott Pryor, who had been retained for that purpose. Later that day, Pryor was informed by the Franklin Park police that Kenneth had attempted to break into the property by breaking a door. Criminal complaints against Kenneth for criminal damage to property and criminal trespass to a residence were sworn out by Pryor, as property agent, the same day.

¶ 26    The motion to dismiss further asserts that Ron entered into a contract for the sale of the property to Michael Conroy, a third-party, in July 2022, and that this transaction closed in August 2022. The motion was supported by affidavits executed by Ron and Pryor, as well as by copies of the criminal complaints, the real estate contract, and a trustee's deed transferring the property to Conroy. The deed was executed on August 2, 2022, and recorded on August 25, 2022. In asking this court to dismiss these appeals, Ron's motion asserted that these new facts made it impossible for this court to grant the appellants any effective relief, rendering these appeals moot.

¶ 27    Both Kenneth and Burnett filed objections to the motion to dismiss. Therein, Kenneth and Burnett concede that the eviction orders were executed, and the property was sold, as described in Ron's motion. Nevertheless, they both assert various reasons why these appeals are not moot because this court can still grant meaningful relief. They also assert that several exceptions to the

mootness doctrine are applicable here, allowing for review on the merits.

¶ 28    On October 7, 2022, this court entered an order taking Ron's motion to dismiss with the case. For the following reasons, we grant Ron's motion and dismiss these consolidated appeals as moot and for appellants' failure to comply with Supreme Court Rules 347 and 361.

¶ 29    In their *pro se* briefs on the merits, appellants have raised a host of arguments. These include assertions that the judgment entered in the prior litigation and this court's affirmance of that judgment on appeal were incorrect, thus fatally undercutting the basis for Ron's claim of right to possession of the property in this matter. They also raise various challenges to the merits of the orders entering summary judgment, the eviction orders, and the extension of the original eviction order as to Kenneth. Appellants also challenge various other interim orders entered below, including the denial of Kenneth's motions to dismiss, the order precluding Kenneth from filing additional motions without first obtaining leave and the denial of the motion to deem unanswered requests for admission admitted as true.

¶ 30    However—with two possible exceptions that will be addressed below—regardless of their merit or lack thereof, all these arguments ultimately amount to various avenues by which appellants seek to attack the final summary judgment and eviction orders entered in this matter. And all these arguments are ultimately efforts to obtain reversal of the circuit court's decision to award possession of the property to Ron, a property that has been sold while this appeal was pending.

¶ 31    "The existence of an actual controversy is an essential requisite to appellate jurisdiction, and courts of review will generally not decide abstract, hypothetical, or moot questions." *In re Marriage of Nienhouse*, 355 Ill. App. 3d 146, 149 (2004). It is true that the "failure to obtain a stay pending appeal, by itself, does not necessarily render an issue moot." *In re Tekela*, 202 Ill. 2d 282,

292, 780 N.E.2d 304, 310 (2002). However, "when an intervening event occurs making it impossible for a reviewing court to grant relief to any party, the case is rendered moot because a ruling on the issue cannot have any practical effect on the controversy." *Id.,* at 292-93.

¶ 32    Illinois Supreme Court Rule 305(k) (eff. July 1, 2017) specifically provides:

> "If a stay is not perfected within the time for filing the notice of appeal, or within any extension of time granted under subparagraph (c) of this rule, the reversal or modification of the judgment does not affect the right, title, or interest of any person who is not a party to the action in or to any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed; nor shall the reversal or modification affect any right of any person who is not a party to the action under or by virtue of any certificate of sale issued pursuant to a sale based on the judgment and before the judgment is stayed."

¶ 33    This provision "protects third-party purchasers of property from appellate reversals or modifications of judgments regarding the property, absent a stay of judgment pending the appeal." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 523 (2001). As such, "it is well established that without a stay, an appeal seeking possession or ownership of specific property that has already been conveyed to a third party is moot." *Northbrook Bank & Trust Co. v. 2120 Division LLC*, 2015 IL App (1st) 133426, ¶ 3.

¶ 34    Rule 305(k) requires that: "(1) the property passed pursuant to a final judgment; (2) the right, title and interest of the property passed to a person or entity who is not part of the proceeding; and (3) the litigating party failed to perfect stay of judgment within the time allowed for filing a notice of appeal." *Steinbrecher,* 197 Ill. 2d at 523-24; see also *Deutsche Bank National Trust Co. v. Roman*, 2019 IL App (1st) 171296, ¶ 23. Each of these elements has been satisfied here.

¶ 35    As to the first element, a "final judgment disposes of the rights of the parties." *Steinbrecher*, 197 Ill. 2d at 524. In the prior litigation, the circuit court entered a final order on June 30, 2017, in which it found that title to the property was vested in the 2003 Trust and that Ron, as trustee. was "entitled to sole possession of the [property]" and was authorized and directed to sell the property. In an order entered in August 2018, this court affirmed the final judgment entered in the prior litigation. *Zurek*, 2018 IL App (1st) 172620-U.

¶ 36    In the present matter, Ron sought to enforce that prior final judgment, pursuant to the Eviction Act and the UFTA, via the relief he sought in his initial and amended complaints; *i.e.*, by seeking possession of the property. In a written order entered on August 5, 2019, the circuit court granted Ron's motion for summary judgment on the claims against Kenneth contained in the original complaint. A separate eviction order granting Ron possession of the property *instanter* was entered the same day.

¶ 37    While, as we recognized in the prior appeal in this matter, these orders were not appealable at the time they were entered, they were made final and appealable on February 22, 2022, when the circuit court entered: (1) a final order resolving all pending issues in which it granted Ron's motion for summary judgment with respect to the claims against Burnett in the amended complaint, granted Ron possession of the property as to Burnett, granted Ron's motion to extend the eviction order entered against Kenneth, and lifted the stay on the eviction order as to Burnett, and (2) a separate eviction order against Kenneth, Burnett and unknown occupants the same day, effective immediately. See *In Interest of E.L.*, 152 Ill. App. 3d 25, 30 (1987) (once a final order is entered, all prior non-final orders and rulings become final and appealable). Ron's right of ownership and possession of the property, as trustee, and the subsequent sale of the property to Conroy, all rest on these final orders. The first element is therefore satisfied here.

¶ 38    As to the second element, a "party" is defined as " '[o]ne by or against whom a lawsuit is brought.' " *Steinbrecher*, 197 Ill. 2d at 525, quoting Black's Law Dictionary 1144 (7th ed. 1999). See also, 735 ILCS 5/2–401 (West 2020) (defining a "party" to litigation as either one filing the action (plaintiff) or one required to respond to it (defendant)). Under Rule 305(k), "a person or entity is deemed a nonparty *at the time* of the judgment and sale." (Emphasis in original.) *Steinbrecher*, 197 Ill. 2d at 525. Here, the final judgment in this matter was entered on February 22, 2022, Ron entered into a contract for the sale of the property to Conroy in July 2022, and this transaction closed when a trustee's deed transferring the property to Conroy was executed on August 2, 2022. At no point was this litigation brought "by or against" Conroy—including at the time of the judgment or of the sale of the property—and as such the second element is also satisfied.

¶ 39    With respect to the third element, while Kenneth sought a stay in the circuit court, that request was denied and Kenneth never sought to obtain a stay in this court after filing his original or amended notice of appeal. Burnett never sought a stay in the circuit court and his request for a stay in this court was denied for his failure to comply with Illinois Supreme Court Rule 305(d) (eff. July 1, 2017). Because both Kenneth and Burnett failed to perfect a stay of the final judgment, the third element is also satisfied.

¶ 40    With these three elements having been satisfied, the protections provided to Conroy by Rule 305(k) apply here. This court therefore may not, pursuant to that rule, issue any order that would affect the interests of Conroy. As such, with two possible exceptions to be discussed below, these appeals—by which Kenneth and Burnett seek possession of a property that has already been conveyed to a third party—are moot. *Northbrook Bank*, 2015 IL App (1st) 133426, ¶ 3. In reaching this conclusion, we necessarily reject several arguments raised by Kenneth and Burnett in their

objections to Ron's motion to dismiss.

¶ 41    Appellants first generally contend that these appeals are not moot because: (1) on appeal they requested repossession of the property and therefore this court can grant possession of the properties to appellants if they are successful on appeal, and (2) the purported leases described above give appellants rights of possession with respect to the property that are superior to any third-party purchaser. However, these arguments simply invite this court to address the merits of the orders entered below that rejected appellants' contentions regarding these leases and/or invite this court to reverse or modify those judgments in such a way as to affect Conroy's rights in the property. Pursuant to the above cited authority, this is precisely what this court is *not to do* in circumstances such as those presented here.

¶ 42    Appellants next assert several reasons why Rule 305(k) does not apply in this case. They first contend that "Rule 305(k) applies only to protect third party good faith *bona fide* purchasers for value at court supervised judicial sales which is not the case here." This is not so, as by its own terms Rule 305(k) (eff. July 1, 2017) applies both generally to protect a third-party's interest in "any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed," as well as more specifically in the case of a judicial sale to protect the interests of "any person who is not a party to the action under or by virtue of any certificate of sale issued pursuant to a sale based on the judgment and before the judgment is stayed."

¶ 43    Appellants next contend that "Rule 305(k) does not apply unless the court hears and determines the appeal to determine whether the appeal would be successful in undoing the judgment order." In support of this argument, appellants cite *Northbrook Bank*, 2015 IL App (1st) 133426.

¶ 44    However, that case involved a particular, fact-specific circumstance where the appellee

specifically was "not asking us to disregard any of the [appellant's] appellate arguments, but to instead curtail the effect of our ruling in accordance with Rule 305 so that we do not diminish the rights of the third-party purchasers." *Id.* ¶ 5. In that circumstance, we concluded that "we need not analyze this request until it becomes apparent whether the appeal is successful in undoing the judgment order." *Id.* Ultimately, because we rejected the arguments raised on appeal on the merits and did not disturb any of the circuit court's rulings, we concluded that the appellee's request was itself moot, and the request was therefore stricken as such. *Id.* ¶50.

¶ 45     This is not the situation presented here, where Ron is specifically asking this court to disregard appellants' arguments on the merits. In addition, while in the context of the facts before us in *Northbrook Bank* we concluded that we "need not" analyze the Rule 305(k) request "until it becomes apparent whether the appeal is successful in undoing the judgment order," we never indicated that such analysis of the merits was *required*.

¶ 46     Furthermore, the decision in *Northbrook Bank* only found the Rule 305(k) request itself to be moot after concluding that the appeal had no merit and the underlying judgment would not be disturbed, while here appellants would have this court apply the *Northbrook Bank* decision, rule in their favor, and reverse the judgments below. Finally, addressing the merits here would be contrary to all the other authority discussed above and would ignore the numerous decisions where courts declined to address the merits where the issues on appeal were moot because the property at issue had been sold to a third party without a stay first being obtained. See, *Steinbrecher*, 197 Ill. 2d at 532; *Old Second National Bank, N.A. v. Karolewicz*, 2022 IL App (1st) 192091, ¶ 52; *Deutsche Bank National Trust Co. v. Roman*, 2019 IL App (1st) 171296, ¶ 29.

¶ 47     Appellants also contend that Rule 305(k) should not apply here because the orders entered below from which they appeal are void. We disagree. As our supreme court has made clear: "A

void judgment is one entered by a court without jurisdiction. In a civil lawsuit that does not involve an administrative tribunal or administrative review [as is the case here], jurisdiction consists solely of subject matter or personal jurisdiction." *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 39.

¶ 48    Appellants first contend that the orders entered below are void because Ron purportedly "lacked standing to maintain the eviction action." "The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit," and "assures that issues are raised only by those parties with a real interest in the outcome of the controversy." *Glisson v. City of Marion*, 188 Ill. 2d 211, 221 (1999). However, issues of standing do not implicate the court's subject matter jurisdiction. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252 (2010). Therefore, even assuming Ron lacked standing to bring this suit, that fact would not support appellants' argument that the underlying orders at issue here are void. See also, *Nationstar Mortgage, LLC v. Canale*, 2014 IL App (2d) 130676, ¶¶ 17-18 (a plaintiff's standing is not an element of a circuit court's subject matter jurisdiction, and the lack of standing does not render a circuit court's judgment void).

¶ 49    Appellants also contend that the underlying orders entered in this matter are void because they were justified in part on the final judgment entered in the prior litigation, which appellants contend was itself void. However, even if we assumed that the final judgment entered in the prior litigation was indeed void, appellants have not explained how that would render the orders entered in *this matter* void. At best, it would arguably have made the orders entered in this matter improper or incorrect, but "an order will not be rendered void merely because of an error or impropriety in the issuing court's determination of the law." *Herrera v. Herrera*, 2021 IL App (1st) 200850, ¶ 37; *Steinbrecher*, 197 Ill. 2d at 531 (even if a circuit court entered a judgment in error, the resulting judgment is not "void").

¶ 50    Next, appellants claim that Rule 305(k) should not apply here because the second element discussed above—that the right, title, and interest of the property must pass to a person or entity who is not part of the proceeding—was not actually satisfied because Conroy was "effectively part of the proceeding." In a related argument, Kenneth asserts that the sale of the property to Conroy is void as it violates the UFTA and this statute "trumps Rule 305(k) in this case." We reject these arguments for appellants' failure to comply with Rule 361(h) (eff. Dec. 1, 2021).

¶ 51    With respect to dispositive motions in this court, Rule 361(h) (eff. Dec. 1, 2021) provides in relevant part as follows:

"(3) A dispositive motion shall include:

(a) a discussion of the facts and issues on appeal sufficient to enable the court to consider the dispositive motion;

(b) a discussion of the facts and law supporting the dismissal of the appeal or cross-appeal or portion thereof prior to a determination of the appeal on the merits;

(c) a discussion of the relationship, if any, of the purported dispositive issue to the other issues on appeal;

(d) an appropriate supporting record containing (i) if the record on appeal has not yet been filed, the parts of the trial court record necessary to support the dispositive motion; and (ii) if necessary, any evidence of relevant matters not of record in accordance with Rule 361(a).

(4) An objection to a dispositive motion shall address each of the required portions of the motion, and if the record on appeal has not yet been filed, shall include any parts of the trial court record not submitted by the movant that is necessary to oppose the motion, and

- 17 -

may include evidence of relevant matters not of record in accordance with Rule 361(a)."

¶ 52    Here, Ron complied with these requirements in his motion to dismiss, in which he fully discussed the relevant facts and law supporting his argument and provided this court with evidence of relevant matters not contained in the record on appeal via the affidavits and relevant documents attached to the motion. In contrast, while the objections do contain several bald factual assertions casting aspersions on the sale to Conroy—generally asserting that the sale was not for market value and that Conroy, Pryor and the lawyer who prepared the trustee's deed and notarized the affidavits included in the motion to dismiss were working together to defeat these appeals and to "cheat the trust and the beneficiaries out of the proceeds that would result from a sale at market value"—these assertions are not supported by any documentary evidence. Rather, they are supported by nothing more than several otherwise unsupported, conclusory, and self-serving averments in Kenneth's affidavit.

¶ 53    Nor have appellants cited any authority or explained how, even if true, these facts establish that Ron was involved in any such purported scheme, that Conroy was "effectively part of the proceeding," or how being "effectively" part of this proceeding would undercut our conclusion that the property was sold to a third party that was not in fact a party to this litigation. Indeed, appellants' objections to the motion to dismiss on these points contain no citation to relevant authority other than two general citations to sections of the UFTA, and no meaningful discussion or analysis of how these sections would render the sale to Conroy void or how exactly UFTA "trumps Rule 305(k) in this case." Because appellants' arguments on these points fail to comply with Rule 361(h), we reject them.

¶ 54    We next consider appellants' argument that exceptions to the mootness doctrine should apply here allowing for review of these appeals on the merits. "Generally, a party resisting

dismissal for mootness has the burden to show an exception to the mootness doctrine on at least one of three grounds: that the case involves an issue of great public importance, that the case falls into the category of one that is capable of repetition but evading review, or that there are collateral consequences of the order appealed from such that it could return to plague the complainant in some future proceedings or could affect other aspects of the complainant's life." *Koshinski v. Trame*, 2017 IL App (5th) 150398, ¶ 20.

¶ 55    "The public interest exception to the mootness doctrine permits review of an otherwise moot question when the magnitude or immediacy of the interests involved warrants action by the court." *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 12. "The public interest exception to the mootness doctrine applies only when '(1) the question presented is of a public nature; (2) an authoritative determination of the question is desirable for the future guidance of public officers; and (3) the question is likely to recur.' " *Id.* (quoting *In re Shelby R.*, 2013 IL 114994, ¶ 16. "The public interest exception is narrowly construed and requires a clear showing of each of its criteria." *Id.* ¶ 13. "If any one of the criteria is not established, the exception may not be invoked." *Id.* Here, appellants do not cite to any relevant authority with respect to the public interest exception and make no attempt whatsoever to make a showing that any of its three criteria apply here. Because appellants have the burden to show an exception to the mootness doctrine applies, this exception is narrowly construed, and there has been no effort whatsoever to apply the relevant law to the facts of this case, appellants have failed to show that the public interest exception should be applied here.

¶ 56    The capable of repetition yet avoiding review exception has two elements. "First, the challenged action must be of a duration too short to be fully litigated prior to its cessation. Second, there must be a reasonable expectation that 'the same complaining party would be subjected to the

same action again.' " *In re Alfred H.H.*, 233 Ill. 2d 345, 358 (2009), quoting *In re Barbara H.,* 183 Ill. 2d 482, 491 (1998). Once again, appellants have the burden of showing this exception applies and they have neither cited to these elements nor made any attempt to show how they apply here. Nor do we see how appellants could make such a showing. Ron initiated this lawsuit in January 2018, and the issue of possession of the property has thus been litigated for more than four years. Furthermore, there can be no reasonable expectation that appellants would again be subject to a complaint under the Eviction Act with respect to the property where it has now been sold to a third party.

¶ 57     The collateral consequences exception to the mootness doctrine allows for appellate review of a court order which has become moot where the appellant has suffered or is threatened to suffer an actual injury, which would likely be reduced by a favorable decision from the reviewing court. *Alfred H.H.*, 233 Ill. 2d at 361. The determination as to whether the exception applies must be made on a case by case basis. *In re Rita P.*, 2014 IL 115798, ¶ 33. "Therefore, [s]ubsistence of the suit requires * * * that continuing collateral consequences * * * be either proved or presumed." (Internal quotation marks omitted.) *Alfred H.H.*, 233 Ill. 2d at 361 (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Once again, appellants have neither cited these legal principles, nor have they made any attempt to apply them to the facts of this case. They thus once again have failed to comply with Rule 361(h).

¶ 58     Instead, in their objections and in their affidavits, appellants have generally asserted that they are "suffering adverse effects as a direct result of the eviction order and the actual eviction which would be remedied by a victory in [these] appeals." Appellants then contend that due to the eviction order their credit history and credit score have been damaged, which will affect their ability to gain employment, rent property and obtain credit and loans or credit or loans on favorable

terms. In addition, Kenneth contends that a victory on appeal would demonstrate that he was not guilty of the criminal trespass charge because therefore Ron would not have had a "valid eviction order."

¶ 59     Once again, appellants have failed to support these factual assertions with any supporting documents, and instead they rely on unsupported, conclusory, and self-serving averments in their affidavit. Nor do they offer any meaningful explanation of how exactly a ruling in their favor on the merits would alleviate these purported collateral consequences. For example, Kenneth completely fails to explain how reversal of the eviction orders on appeal would be a defense in his criminal case where the eviction orders were legal and binding on the parties when they were executed, and he has not established that they were void.

¶ 60     We reiterate that appellants have the burden of establishing that an exception to the mootness doctrine applies, whether the collateral consequences exception applies must be made on a case by case basis, and that collateral consequences must be either proved or presumed. We conclude that appellants have failed to establish that this exception should apply here.

¶ 61     Finally, we turn to the two possible exceptions to the mootness doctrine mentioned above. In their objections to the motion to dismiss, appellants note that the relief requested in their notices of appeal included an award of court costs and a request that the court file in this matter be sealed. Appellants essentially contend that even if we could not provide any other effective relief upon success on the merits before this court, we could still grant these requests.

¶ 62     While it is true that this relief was requested in the notices of appeal, the only time these issues appear in the briefs appellants filed on the merits in this court are in two short references contained in the final paragraph of appellants' opening brief containing appellants' prayers for relief. Thus, neither the briefs appellants filed on appeal, nor the objections to the motions to

dismiss for that matter, contain any argument or application of the law to the facts of this case with respect to these issues.

¶ 63    The procedural rules governing the content and form of appellate briefs are mandatory and not suggestions. *Ammar v. Schiller, DuCanto & Fleck, LLP*, 2017 IL App (1st) 162931, ¶ 11. Further, self-represented litigants are not excused from following these rules. *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) provides that the appellant's brief contain both argument and citation to relevant authority. *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010). "An issue that is merely listed or included in a vague allegation *** is not 'argued' and will not satisfy *** the rule." *Id*. When an appellant's brief fails to comply with the requirements of Rule 341, this court has the discretion to strike the brief and dismiss the appeal. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12.

¶ 64    Considering this authority and the failure of appellants' briefs to comply with Rule 341, even if we were to reach the other merits of these appeals and rule in appellants' favor, we would not be inclined to grant appellants this requested relief. Rather, we would exercise our discretion to strike these portions of appellants' briefs and dismiss these claims. Therefore, these requests for relief provide no basis for this court to overlook the mootness of the other issues raised on appeal and address these appeals on the merits.

¶ 65    For the foregoing reasons, these consolidated appeals are dismissed.

¶ 66    Appeals dismissed.